Gaston, J.
 

 we upon The offence des, spirituous lips less
 
 Jiie
 
 question founded to which this indictment is founder quors by the small measure, tha than a quart without a licence,” a: be presented for our consideration up8!P^^lpecial verdict is, whether the facts found by the jury shew that the defendant did so retail. To retail, in its ordinary sense, means to sell by small quantities or in severed parts, and the doubt is, whether the sale in this case was in law a sale of spirits by the quart, or by the parcels of a quart, as they were delivered and agreed to be delivered. If the contract of the parties had been that the seller should deliver a quart of spirits,’Which particular quart should thereupon become the property of the purchaser, although theseller were by agreement to retain it for the purchaser, so as to be used from time to time as the latter might require, we suppose that such a contract (unless perhaps it were found by the jury that there was an intent thereby to evade the Statute,) must have been held to be a contract for a sale by the quart. But in this
 
 *386
 
 the contract was to deliver
 
 to
 
 the purchaser, from time -to time> spirits in parts of a quart, as he should call for them, with an engagement on his part to take in the whole a quart jn quantity, and an engagement on the part of the seller not to exact payment until that quantity should be received.' — ■ Under this contract the purchaser became the owner of each cup-full or half pint of spirits as it was delivered, and the residue still remained the property of the seller. If the purchaser, after receiving one or more of his half pints, called for the remainder, the seller’s engagement would have been satisfied by delivering what was wanted to make up the quart of other spirits of the same kind and quality. To sucha transaction, whereby the thing is transferred from one to the other by small quantities or in several parts for a price, the term retailing is properly applied, notwithstanding the stipulation on one side that the amount to be purchased shall be
 
 to the value
 
 of a larger quantity or of an unsevered whole, and'of the stipulation on the other to allow a credit until such an amount in value should be received. And if this be the legal character of the transaction, we are
 
 the
 
 more disposed so to regard it, as any other construction of the contract would defeat, in a great number of cases, the primary object which the Legislature intended to accomplish by the Statute.
 

 But, notwithstanding our opinion upon this question, we cannot pronounce the judgment below erroneous. That judgment was rendered upon a special verdict; and a fact, which is indispensable to the constitution of the offence, wherewith the prisoner was charged, is not found. The indictment would have been fatally defective, had it omitted to aver that the defendant retailed
 
 loithout a licence;
 
 and the verdict is insufficient to warrant a conviction, in omitting to find this averment. All the circumstances constituting an offence must be found, in order to enable a Court to give judgment, and it is not in the power of the Court to supply a defect in the finding of the jury by intendment or implication.
 

 
 *387
 
 This opinion must be certified to the Superior Court Randolph, with instructions to render judgment for the deiendant.
 

 Per Curiam, Ordered accordingly.