State *v.* Lowenhaught.

## THE STATE *v.* LOWENHAUGHT.

PRIVILEGES. *Retail and wholesale liquor dealer.* A retail dealer is one who sells by small quantities to suit customers articles which are bought in larger quantities generally. A wholesale dealer is one who sells in gross and not by the small quantity to consumers.

### FROM TIPTON.

Appeal in error from the Circuit Court of Tipton county. T. J. FLIPPIN, J.

ATTORNEY-GENERAL LEA for the State.

J. H. LAUDERDALE for Lowenhaught.

FREEMAN, J., delivered the opinion of the court.

The defendant was presented for selling liquor by the quart, and in larger quantites, not to be drank on the premises, not having any special license so to do, in violation as is avowed, of the act of the Legislature, requiring wholesale liquor dealers to take out a license. The presentment was quashed by the circuit judge, and the State appealed.

The only question is, whether the act as charged, is the subject of a criminal prosecution.

By the general revenue act of 1881, page 256, sec. 40, it is declared to be a privilege, among other things, to follow the occupation of a "liquor dealer, whether the liquors be spirituous, vinous or malt." This act

passed April 6, 1881. By an act passed next day, entitled an act "to provide revenue for the State of Tennessee and counties thereof," sec. 4, page 201, it is provided that "wholesale liquor dealers" shall pay a privilege tax of $150 and taxed 'as other merchants. Retail liquor dealers are to be taxed as other merchants, and in addition shall pay a privilege tax as therein prescribed; to-wit, in towns of one thousand inhabitants or less $150; of one thousand and less than five thousand $150, and over five thousand $200 per annum.

The presentment in this case is very indefinite and might well be held to fail to show the facts sufficiently, as to raise the question intended by the draftsman, and urged for decision in argument.

It is not averred that the defendant is a licensed tippler nor a wholesale merchant. From the argument we infer he is a tippler, who sold by the quart in this instance, and by larger quantities than a quart, not drank on the premises or intended to be, and the gist of the offense is contained in the charge, that he did not have a license as a wholesale dealer.

The real questions are, whether a sale as averred, charges a violation of the law forbidding wholesale dealers to sell, without license for such privilege; and second, whether in such a case, the party may be criminally proceeded against.

We have no definition in terms in any of our statutes of a wholesale dealer in liquor, nor of a retail dealer. It is clear that the occupation and business of a wholesale dealer by 46 section of act of 1882, is

a privilege and is forbidden to be followed without a license; but does this presentment charge the party guilty of doing this? We cannot so understand it. Mr. Bouvier (Law Dict., vol. 2, page 473), defines retail "to sell by small parcels, and not in gross." Retailer of merchandise as "one who deals in merchandise in smaller quantities than he buys—generally with a view to profit."

These definitions are not clear nor full, and do not add much to a distinct conception of the things attempted to be defined.

We take it, what is meant by retailing is selling by small quantities, to suit customers, articles which are bought in larger amounts generally. Now one who sells in this way, or whose business is so to sell is a retail dealer, one who sells by the nature of his business in gross, and not by the small quantity or parcel to consumers, is a wholesale dealer.

While these definitions may not include all the elements in detail of either character of dealer, they go far enough for the decision of this case.

It is not averred that the defendant is a wholesale dealer, or that he sells or did sell to this party by the wholesale, to be by him retailed, or as a retail dealer, nor in fact is there any fact averred from which the party's character as wholesale dealer can be made out except that he "sold by the quart and in larger quantities, not drank or intended to be drank on the premises. It may have been a gallon sold in a jug on the order of a customer. It would be an abuse of language to hold this would constitute a wholesale

dealer in liquors, intended to be provided for by the statute.

For these reasons we think the presentment was properly quashed, and affirm the judgment.