## THE STATE v. J. J. TARVER.

1. CRIMINAL LAW. *Sale of whisky.* Manufacturers of whisky or brandy out of the products of farms or orchards of the State cannot sell by retail within four miles of an incorporated institution of learning.

2. SAME. *Retail dealers.* Sales to persons or customers for the purpose of consumption constitute a retail dealer.

### FROM KNOX.

Appeal in error from the Criminal Court of Knox county. M. L. HALL, J.

ATTORNEY-GENERAL LEA for the State.

J. C. J. WILLIAMS for Tarver.

COOKE, Sp. J., delivered the opinion of the court.

The indictment against the defendant in this case was as follows:

"That S. J. Tarver, on. the 9th day of. June, 1883 in Knox county, unlawfully · did sell an intoxicating beverage known as whisky, and an intoxicating beverage known as brandy, within four miles of an incorporated institution of learning, he, the said S. J Tarver, at the time being the manufacturer of the said whisky and brandy, and selling the same in quantities not less nor under a quart; and not to be drunk upon the ˙premises of the place of sale, which said sale, as aforesaid, was unlawful and contrary to the statute and against the peace and dignity of the State."

The court below, on motion of the defendant, quashed the indictment, and the State has appealed.

By the act of 1877, ch. 23, sec. 1, known as the four-mile law, it was enacted "That it shall not hereafter be ·lawful for any person to sell or tipple any intoxicating beverage within four miles of an incorporated institution of learning in this State, and that any one violating the provisions of· this act shall be guilty of a misdemeanor," etc.  By the second section of said act, it was provided "that this act shall not apply to the sale of such liquors within the limits of any incorporated town, nor to sales made by persons having licenses to make the same, at the date of the passage of this act, during the time for which such licenses were granted, nor to sales by manufactories (manufacturers) of such liquors in wholesale packages or quantities."

It is insisted for the defendant that the sale ·of spirituous liquors in quantities not less than a quart,

and not to be drunk upon the premises where sold, is a sale in wholesale quantities within the saving of the statute.

It was determined by this court in a case decided at Jackson during the last term, but not yet reported, that the distinction between a wholesale and retail dealer did not depend upon the quantity sold by either, but that sales to purchasers of packages or quantities for the purposes of trade or being resold, constituted a wholesale dealer; and sales to persons or customers for purposes of consumption constituted a retail dealer: Lowenhaught v. The State, 11 Lea, 13.

We adhere to that distinction as there taken, and furthermore, are satisfied that while it was the intention of the Legislature to permit the manufacturers whose establishments were situate within four miles of incorporated institutions of learning, to dispose of their products, at the places of manufacture, by wholesale, it was not the legislative intention to grant to them a privilege of selling to customers for consumption which was denied to other persons. We, therefore, hold that manufacturers of spirituous liquors are not permitted to sell the same for purposes of consumption within four miles of an incorporated institution of learning, and are liable to the same penalties as other persons for so doing.

But it is further insisted, that the indictment is bad for the reason that it does not sufficiently negative the idea that the defendant sold said liquors in wholesale packages or quantities. The language of this part of the indictment is: "The said S. J. Tar-

ver at the time being the manufacturer of the said whisky or brandy, *and selling* the same in quantities not less or under a quart, and not to be drunk on the premises of the place of sale." While the indictment would have been sufficient had this averment been entirely omitted, the saving being a matter of defense, yet as the indictment charged the defendant as being the manufacturer of the liquors, it was necessary, in order to be sufficient, that it should aver that the same were not sold by him as a wholesale dealer, or in wholesale packages or quantities. This is not sufficiently done. The averment "and selling the same in quantities not less nor under a quart, and not to be drunk on the premises of the place of the sale," does not negative the idea of a lawful sale, as this might be true, and yet the liquors in point of fact have been sold to a dealer by the barrel, and carried to another State. Where the act indicated is not in itself necessarily unlawful, but becomes so by its peculiar circumstances and relations, the matter must be set forth in which its illegality consists: *State* v. *Fields*, M. & Y., 137; *Peck* v. *The State*, 2 Hum., 84; *Harris* v. *State*, 3 Lea, 326; *Fletcher* v. *State*, 6 Hum., 249; *Hall* v. *State*, 3 Cold., 129.

For this reason the indictment was bad, and was properly quashed. The judgment of the criminal court will therefore be affirmed.