Thibaut vs. Dymond.

No. 9517.

C. V. THIBAUT, SHERIFF, AND EX OFFICIO TAX COLLECTOR, VS. JOSEPH DYMOND.

A sugar planter who keeps a store on his plantation must pay a license as retail dealer, where, though the bulk of the sales are made to employees on the plantation, yet other persons are not forbidden to purchase from the store.

Nor is there any legal authority for graduating such license by the amount of sales made to the public, i. e. to persons not employed on the plantation.

APPEAL from the Twenty-fourth District Court, Parish of Plaquemines. *Livaudais*, J.

*Robt. Hingle* and *Jas. Wilkinson* for Plaintiff and Appellee.
*E. H. McCaleb* for Defendant and Appellant.

The opinion of the Court was delivered by

TODD, J.    This is a proceeding by rule, instituted by the sheriff and tax collector of the parish of Plaquemines to recover the amount of the State and parish license of the defendant as a retail grocer and liquor dealer in said parish.

The payment of the license is resisted on the ground that the defendant is a planter and manufacturer of sugar, and that he keeps a store on his plantation in which he sells to his laborers and employees alone only such provisions, goods, etc., as they require, not as a retail merchant does, exclusively for profit, but as an advance on their wages and as an incident to his main business; and that the license tax sought to be exacted of him is therefore illegal and void.

There was judgment for the plaintiff, and the defendant has appealed.

Thibaut vs. Dymond.

The evidence shows that the defendant is a sugar planter, employing at times on his plantation as many as 300 laborers.

That he has a store on his plantation, from which are sold goods, groceries, etc., to the amount of $25,000 annually.

That he sells malt liquors in quantity not less than a pint, and which is drank at the counter.

That the bulk of his sales are to his employees, but that others than these, wishing to purchase at the store, are not refused. That the sales to the latter do not exceed $500 annually.

We think these facts bring the case within the provisions of Act 4, Extra Session of 1881—the present license law—which, among its other provisions, imposes a license as follows:

"That for every business of selling at retail, whether as principal or agent, or on commission, or otherwise, the license shall be based on the gross amount of sales, as follows: ...... Twentieth Class: When the gross sales are $25,000 or more, and under $30,000, the license shall be twenty-five dollars." Sec. 6.

It is further provided in the same act and section that when liquors of any kind are sold in connection with the business, in quantities not less than one pint and more than five gallons, the license shall be double the foregoing.

We are referred to the case of Luling vs. Labranche, 30 Ann. 972, as sustaining the pretensions of the defendant. That decision was rendered before the statute referred to was passed; and besides, the facts of the two cases are not identical, since in the one referred to sales were made exclusively to the employees.

Lastly, it is urged that the license should be graduated, not by the total amount of the sales but by the amount of sales to the public, i. e., to persons not employed on the plantation.

Granting that the law as it now stands would not justify the exaction of a license where sales from a plantation store were confined strictly to the laborers on the place, still where this restriction is not observed, but the store is open to the patronage of the public, there is no warrant in the statute to measure the license by the quantity the public may buy. The lack of any restriction in this respect fixes the status of the business and subjects it to the license sought to be recovered in this case.

Judgment affirmed.