548 JACKSON:

HARRISON *v.* STATE.

(*Jackson.* April 16, 1896.)

1. INTOXICATING LIQUORS. *What constitutes wholesale packages or quantities.*

The sales of intoxicating liquors "in wholesale packages or quantities," that may be lawfully made by manufacturers under the exception in their favor in the four mile law, are sales to purchasers of packages or quantities for the purposes of trade, and to be sold again, and not sales to persons for consumption.

Acts construed: Acts 1887, Ch. 167; Acts 1877, Ch. 23.

Cases cited and approved: State *v.* Tarver, 11 Lea, 658; Lowenhaught *v.* State, 11 Lea, 13; Webb *v.* Baird, 11 Lea, 667.

2. SAME. *Same. Case in judgment.*

A distiller violates the four mile law who sells and delivers, within four miles of a schoolhouse, and not within an incorporated town, a barrel of whisky to a combination of persons organized to obtain whisky for consumption, who met, with their jugs and demijohns, at his distillery and made up the price of the barrel, and then received it from him, and paid for it, and divided it then and there among themselves, according to their respective contributions to the purchase—the parties intending thereby to evade the four mile law.

FROM WEAKLEY.

Appeal from Circuit Court of Weakley County. W. H. SWIGGART, J.

CHARLES M. EWING and EWING & CAREY for Harrison.

Attorney-general PICKLE for State.

BEARD, J. The plaintiff in error is a distiller of whisky. He was indicted for selling liquor in violation of Section 1, Chapter 167, of the Acts of 1887. After a trial he was found guilty, and a judgment was entered subjecting him to a fine of fifty dollars and imprisonment in the county jail for sixty days. From this judgment he has appealed, and insists that its effect is to deprive him of the protection of an exception found in the second section of that Act.

In 1877 the Legislature passed an Act entitled: "An Act to prohibit the sale of intoxicating liquors near institutions of learning." Acts 1877, Ch. 23. By the first section of this Act, it was made unlawful "to sell or tipple any intoxicating beverage within four miles of any incorporated institution of learning," and, by its second section, there was excepted from the operation of the first section, among others, sales made "by manufactories (?) of such liquors in wholesale packages or quantities." This Act met with such popular approval that the Legislature, in 1887, passed the Act (Ch. 167, p. 293) under which this indictment was found. This statute, by its first section, makes it a misdemeanor for any one "to sell or tipple any liquors," etc., within four miles of any schoolhouse, public or private,

where a school is kept, whether the school be then in session or not, and, in its second section, repeats the various exceptions in the same words as are found in the corresponding section of the Act of 1877.

This latter Act (Ch. 23, Acts of 1877) was the subject of construction in *Lowenhaught* v. *State*, 11 Lea, 13; *Webb* v. *Baird*, *Ib.*, 667, and in *State* v. *Tarver*, *Ib.*, 658. In this last case this Court, re-affirming its definition of a dealer by wholesale under that Act, as announced in *Lowenhaught* v. *State*, *supra*, said: "The distinction between a wholesale and retail dealer did not depend on the quantity sold by either, but that sales to purchasers of packages or quantities for the purposes of trade or being resold, constituted a wholesale dealer, and sales to persons or customers for purposes of consumption constituted a retail dealer."

Upon re-examining this question, we are entirely satisfied with this rule for distinguishing between a sale of liquor at wholesale and retail, resting, as it does, not upon the quantity sold at the distillery, but upon the purpose for which it is sold, and we therefore again announce it. This being so, there is no room for debate that the facts disclosed as to the sale involved in this case deprived plaintiff of the protection of the second section of this Act. These facts are as follows: A number of his neighbors assembled at the distillery of plaintiff in error for the purpose of obtaining whisky, to be taken by them to their respective homes for consumption. Each brought

Harrison *v.* State.

with him his own jug or demijohn, to receive the quantity of liquor he wished. It was understood by all parties that, as the distillery was within four miles of a schoolhouse, separate sales could not be made by these parties. To accomplish the sale and yet avoid, as it was assumed might be done, the penalty of the statute, one of their number took it upon himself to organize a "club" of the persons present, each of them contributing to a common fund a sum of money sufficient to pay for the quantity of whisky he might wish. Some of the parties paid in one dollar each, which payment entitled each of said contributors to one-half of a gallon, and others paid in larger amounts, entitling them to larger quantities of the liquor in the final distribution. When a sufficient amount of money had been placed in the hands of the treasurer or organizer of the club, he paid it to plaintiff in error, who thereupon delivered to this party a barrel of whisky, which was immediately opened by him in front of the residence of plaintiff in error, and its contents were divided or distributed among the members of the club in proportion to the various sums so contributed.

It is very evident that this was a shallow device, resorted to by his neighbors with the knowledge and active co-operation of plaintiff in error, to evade the penalty for a violation of this wise and beneficent statute, and to countenance such a device would go very far toward destroying its efficiency.

The judgment of the trial Court is affirmed.