\* Shelton *v.* Silverfield,

AND

Etterman *v.* Shelton.

(*Nashville.* January 27, 1900.)

1. PRIVILEGE TAX. *On pawnbrokers.*

A licensed pawnbroker. who has paid a privilege tax as such, does not render himself liable for another and distinct privilege tax imposed upon "dealers in secondhand clothing," by selling pawned articles, consisting, in part, of secondhand wearing apparel, or by reselling same when bid off by himself for his debt. (*Post, p. 70.*)

Act construed: Acts 1899, Ch. 432.

2. SAME. *On clothing merchants.*

A merchant who has, upon payment of a merchant's tax only, been licensed to continue and carry on a general clothing business, involving the sale of both secondhand and new clothing, will not be required to pay, in addition, the specific tax imposed on "dealers in secondhand clothing." (*Post, p. 73.*)

Act construed: Acts 1899, Ch. 432.

FROM DAVIDSON.

Appeal in error from Circuit Court of Davidson County. J. W. BONNER, J.

J. A. CARTWRIGHT for Shelton.

LELLYETT & BARR *contra.*

\*It will be found difficult to reconcile the holding of this headnote with the adjudged cases as to liquor dealers, etc.—REPORTER.

W. L. GRIGSBY, Sp. J. In the first of the above
styled cases the defendants in error, Silverfield &
Feldman, are pawnbrokers in the city of Nashville,
and as such have paid the pawnbrokers' privilege
tax required by the Act of 1899, and were reg-
ularly licensed to do business as such. By an
agreed statement of facts—that is, facts set out
in petition of defendants in error for certiorari and
supersedeas, it is shown that the regular course
and practice of the business engaged in by the
defendants in error is to loan money on articles
pawned as security therefor, and ·to sell such
articles when the time for redemption expires, if
the debt is not paid, and in the event of pur-
chasing to save the debt, to sell again the arti-
cles that are or may be pledged, which are as
numerous in variety as the kinds of personalty that
admit of ownership and value, both first and
secondhand, including among the several classifi-
cations precious stones, jewelry, timepieces, furni-
ture, clothing, or wearing apparel, utensils, etc.

The plaintiff in error, being the Clerk of the
County Court of Davidson County, through proper
officials demanded (and issued a distraint warrant
therefor against them) the additional privilege tax
on dealers in secondhand clothing or wearing
apparel, under Section 4 of the Act of 1899,
imposing privilege tax, etc. The defendant in
error paid the tax under protest that was claimed
by the State, and sued for it back, and obtained

certiorari and supersedeas for that of the county. By agreement the motion to dismiss the petition was heard by the Court, as also at same time the merits of the case. The Revenue Act of 1899, Chapter 432, provides:

"SEC. 3. *Be it further enacted,* That all merchants shall pay an ad valorem tax upon the average capital invested by them in their business of 50 cents on the $100, 35 cents of which shall be for State purposes, and 15 cents of which shall be for school purposes; and a privilege tax of 15 cents on each $100 worth of taxable property, $7\frac{1}{4}$ cents of which shall be for school purposes and $7\frac{1}{2}$ cents for State purposes; *Provided,* That such privilege tax, without regard to the length of time they do business, shall in no case be less than $5, which $5 is to be paid when the license is taken out, and in case of those whose privilege tax amounts to more than $5, the $5 paid shall be a credit when the balance of the taxes is paid; *Provided further,* That said $5 shall be equally divided between the State and counties."

By Section 4 privilege taxes are fixed as follows:

(*a*) "*Dealers in secondhand clothing.*—Persons, firms, or corporations dealing in secondhand clothing or wearing apparel, each, per annum, $250."

(*b*) "*Pawnbrokers.*—In cities, towns, or taxing

districts of 30,000 inhabitants or over, each, per annum, $150."

It is insisted by the plaintiff in error, the Clerk of the County Court, that under the Act of 1899, above cited, that the defendant in error is not only a merchant and pawnbroker, but is also a dealer in secondhand clothing. It is evident that this contention is erroneous. The very nature of the pawnbroker's business carries with it the necessity for a sale of unredeemed pledges, and it could not be expected that the pawnbroker would sacrifice his security by permitting the same to be sold for a song. The law would warrant him in buying in the security, and in order to save himself from loss, sell it again; in fact this procedure is an essential part or feature of the business. To say that a pawnbroker shall pay a very large amount, perhaps $250 to $300 per annum to State and county, as a privilege tax to carry on his business, and that he cannot protect himself in the sale of unredeemed articles, would be absolutely ruinous to the business he had been licensed to do, and a denial to him of property protection.

I think the defendant in error is strictly a pawnbroker, and amenable to the law only for the privilege tax as set out in Section 4 as a pawnbroker. As to the defendants in error the judgment of the lower Court is affirmed.

We next take up the case that relates to plain-

tiff in error, H. Etterman. It appears from the transcript in that case that plaintiff in error, H. Etterman, is a dealer in first and secondhand clothing and wearing apparel; that he was engaged in said business before the passage of the Revenue Act of 1899; that at the time of the bringing of this suit he had merchant's license issued to him by the Clerk of the County Court of Davidson County, and had paid the privilege tax imposed on such merchants by said Revenue Act.

By said Act all merchants shall pay an ad valorem tax upon the average capital invested by them, and also a privilege tax upon the occupation or business of a merchant. Said Act also imposes a privilege tax upon "persons, firms, or corporations dealing in secondhand clothing or wearing apparel, each, per annum, $250."

Art. 2, Sec. 28, of the Constitution provides: "The Legislature shall have power to tax merchants, peddlers, and privileges in such manner as they (the Legislature) may from time to time direct."

By Section 3 of said Act of 1899 merchants are made to pay an ad valorem tax, and also a privilege tax.

By Section 4 of same Act, persons, firms, or corporations dealing in secondhand clothing or wearing apparel are required to pay a privilege tax.

It can readily be seen that the Legislature did

not intend to impose a double tax on merchants. The classification in separate sections of the revenue law supports this view.

It is insisted that the privilege tax on dealers in secondhand clothing or wearing apparel is properly an additional tax to that of a merchant, and the plaintiff in error is consequently liable therefor. The most reasonable construction of the Revenue Act in this respect is that the Legislature intended to classify merchants for the purpose of taxation, making each occupation mentioned in the Act bear the burden of taxation placed thereon. Consequently, under the Act of 1899 the plaintiff in error, H. Etterman, was either a merchant dealing in clothing, and liable for the merchant's ad valorem tax and privilege, or he was a dealer in secondhand clothing or wearing apparel, and subject to the privilege tax placed thereon.

This Court, under the facts presented in this case, does not feel called upon, or think it necessary, to measure this revenue law by the Constitution, as no constitutional question is directly involved in the settlement of the issues.

The plaintiff in error paid the State tax for dealers in secondhand clothing under protest, and sues for the recovery of same. He filed his certiorari and supersedeas petition to reach the county part of the tax, and have the distress warrant quashed.

This Court is content to say that the authorities charged with the duty of collecting the tax for State and county purposes for the county of Davidson saw proper to accept a merchant tax and privilege from the plaintiff in error, and issued to him a license to carry on his business. Now to impose an additional burden upon him, under the claim of additional or different character of business, would, to say the least, be unjust and oppressive. He has paid his merchant's privilege tax under the belief that it was a proper payment, and could not now recover the same in an action against the clerk, because it was not paid under protest as required in such cases. And without specially classifying this plaintiff in error, we think the one tax on his business, under the circumstances named, sufficient, and all that is warranted by the Act of the Legislature.

The judgment of the lower Court is reversed. The petition is sustained.

Judgment for the amount paid under protest is awarded the plaintiff in error, and the warrant for the county part of the tax quashed.