COMMONWEALTH *vs.* LEVI GREENWOOD.

Norfolk.    January 17, 1910. — February 23, 1910.

Present: KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Intoxicating Liquors.    Cider.    Words,* "Wholesale."

At the trial of a criminal complaint which charged the defendant with maintaining a nuisance in using a tenement for the illegal sale and keeping for sale of intoxicating liquors, there was evidence which tended to show that as a part at least of his regular business of manufacturing cider the defendant had made in his mill sales of cider in small quantities of less than a gallon and of more than the strength prohibited by R. L. c. 100, § 1; St. 1903, c. 460, § 1. *Held,* that a verdict of guilty was warranted.

The words "sales of cider at wholesale," as used in R. L. c. 100, § 1, as amended by St. 1903, c. 460, § 1, which exempt from the provisions of the statute prohibiting certain sales of spirituous or intoxicating liquors "sales of cider at wholesale by the original makers thereof," in the absence of a special definition of its meaning by the Legislature, must be construed, as directed by R. L. c. 8, § 4, cl. 3, according to the common and approved usage of the language, and therefore must mean sales made in large quantities as distinguished from those made in small quantities, which are to be regarded as sales at retail ; and therefore it is error for a judge presiding at the trial of a criminal complaint, where the defendant is charged with selling cider illegally and contends that his sales were not illegal because they were made at wholesale, to instruct the jury that a sale made to a purchaser for his own consumption and not to sell again is a sale at retail, whether it is made in quantity of one gallon or more, and that a sale at wholesale is a sale made to one who has the real or at least the apparent purpose to sell again to his customers. In such a case the jury should be instructed

that, in determining the question of fact whether the sales made by the defendant were sales at wholesale, besides considering all the evidence with regard to individual sales testified to by the witnesses, they should bear in mind that sales at retail are sales made in small quantities such as are adapted to the wants of individual purchasers, while sales at wholesale are sales made in large quantities, such as commonly would be beyond the needs or desires of ordinary customers.

COMPLAINT, received and sworn to in the District Court of Northern Norfolk on February 22, 1908, charging the defendant with maintaining a nuisance in using a tenement in Norwood for the illegal sale and illegal keeping for sale of intoxicating liquors.

On appeal to the Superior Court, the case was tried before Lawton, J. The defendant manufactured cider in a cider mill back of his house from apples which he purchased. The alleged illegal sales were made in the cider mill. Other facts are stated in the opinion. The jury found the defendant guilty ; and the defendant alleged exceptions.

J. J. Feely, (R. Clapp with him,) for the defendant.

A. F. Barker, Assistant District Attorney, for the Commonwealth.

SHELDON, J. It is provided by statute that the prohibition to sell intoxicating liquors shall not apply to "sales of cider at wholesale by the original makers thereof." R. L. c. 100, § 1. St. 1903, c. 460, § 1. Whether the sales made by the defendant were unlawful, and so brought his tenement within the terms of R. L. c. 101, § 6, might be found to depend upon whether those sales were made at wholesale or at retail.

There was evidence which would have warranted a finding that the defendant had made, as at least a part of his regular business, sales of cider of more than the prohibited strength, in small quantities of less than a gallon, and properly could be convicted even under his contention that his sales had been only of one gallon or more. Nor do we consider that there is any peculiar sanctity in the quantity of one gallon. He might be convicted although none of his sales had been of a smaller amount than that. See Pence v. Commonwealth, 6 Ky. Law Rep. 113, 115. It follows that the case rightly was submitted to the jury. But it remains true that the jury may have agreed with his contention, and may have based their verdict of guilty simply upon the in-

struction that a sale made to a purchaser for his own consumption and not to sell again is a sale at retail, whether it is made in quantity of one gallon or more, and that a sale at wholesale is a sale made to one who has the real, or at least the apparent, purpose to sell again to his own customers.

The Legislature has not defined the sense in which it used the word " wholesale" in this statute. We therefore must apply the rule given in R. L. c. 8, § 4, cl. 3 : " Words and phrases shall be construed according to the common and approved usage of the language ; but technical words and phrases and such others as may have acquired a peculiar and appropriate meaning in the law shall be construed and understood according to such meaning."

There is authority for the rule of construction which was given to the jury. It is supported by *State* v. *Tarver*, 11 Lea; 658 ; *Webb* v. *Baird*, 11 Lea, 667 ; *Harrison* v. *State*, 96 Tenn. 548 ; *Thibaut* v. *Kearney*, 45 La. Ann. 149, and 18 L. R. A. 596. It seems to have been one of the considerations in the mind of the court in *Fawkner* v. *Lew Smith Wall Paper Co.* 88 Iowa, 169. It is embodied in the definition given in 30 Am. & Eng. Encyc. of Law, (2d ed.) 518. It is included in the definition given by Bouvier to the words " wholesale price," though not in his definition of the word " wholesale " itself.

The distinction between wholesale and retail dealers sometimes has been said to be that the former sell to the latter, while the latter sell to the general public in quantities to suit customers. *People* v. *Platt*, 92 Hun, 349. *Thibaut* v. *Dymond*, 37 La. Ann. 902, 903. *Koenig* v. *State*, 47 Am. St. Rep. 35. But see *People* v. *Abraham*, 16 App. Div. (N. Y.) 58 ; *Thibaut* v. *Kearney*, 18 L. R. A. 596.

In *Tripp* v. *Hennessy*, 10 R. I. 129, the defendant had a license which authorized him to sell liquors at retail only. He sold to one customer ten gallons of whiskey, which he drew from a cask containing more than that quantity. It was held as matter of law that this was a sale at retail and not at wholesale, because the original parcel which the defendant had bought was opened up and divided so as to take out and sell a smaller quantity therefrom. The same view was taken in *Gorsuth* v. *Butterfield*, 2 Wis. 237.

But on the weight of authority the more important distinction

between the wholesale and the retail dealer is that the former's dealings are with goods in large quantities, by the package or piece, while the latter sells in small quantities or parcels. This is the substance of the definitions given by Webster and by Worcester and in the Century Dictionary and by Bouvier. The Century Dictionary clearly illustrates the distinction by a quotation from Spencer's Principles of Biology, § 176: "Articles which the consumer recognizes as single the retailer keeps wrapped up in dozens, the wholesaler sends the gross, and the manufacturer supplies in packages of a hundred gross." It has been so held in many cases. *State* v. *Kirkham*, 23 N. C. 384, 385. *State* v. *Cassety*, 1 Rich. Law, 90, 91. *State* v. *Mooty*, 3 Hill, (S. C.) 187, 189. *McArthur* v. *State*, 69 Ga. 444, 445. *Markle* v. *Akron*, 14 Ohio, 586, 592. *State* v. *Lowenhaught*, 11 Lea, 13, approved in *Webb* v. *State*, 11 Lea, 662. *Bridges* v. *State*, 37 Ark. 224, 226. 24 Am. & Eng. Encyc. of Law, (2d ed.) 875.

In our opinion that rule has been adopted in this Commonwealth. It was said by Dewey, J., in *Commonwealth* v. *Kimball*, 7 Met. 304, 308: "To retail is to sell in small quantities. To retail to any particular individual is to sell to him in a small quantity." The original statute of which, with the numerous amendatory acts, R. L. c. 100, is a codification, was passed in 1875, being c. 99 of the acts of that year. The particular provision which is before us appears first in St. 1894, c. 489. We must suppose that in using the word "wholesale," which has since been retained in the statute, the Legislature had in mind the language of Mr. Justice Dewey; (*Low* v. *Blanchard*, 116 Mass. 272; *Ryalls* v. *Mechanics' Mills*, 150 Mass. 190, 193; *Commonwealth* v. *Taylor*, 132 Mass. 261, 262;) and intended that the words "sales at wholesale" should be taken to mean sales made in large quantities, as distinguished from those made in small quantities, which were to be regarded as sales at retail. So in *Commonwealth* v. *Poulin*, 187 Mass. 568, the language of Dewey, J., above cited was quoted with approval, and it was held that a sale of a quart of native wine could not be found to be a sale at wholesale within the meaning of R. L. c. 100, § 1.

In our opinion the jury should have been instructed that in determining the question of fact whether the sales made by the

defendant were sales at wholesale, besides considering the other points to which their attention was called by the trial judge,* they should bear in mind that sales at retail are sales made in small quantities such as are adapted to the wants of individual purchasers, while sales at wholesale are sales made in large quantities, such as ordinarily would be beyond the needs or desires of ordinary consumers. We do not mean to say that the apparent purpose with which purchases are made would not be an important circumstance in this connection. It might be the case that one who bought for the purpose of selling again would desire to buy a larger quantity than one who was purchasing for his own consumption; and the attention of the jury properly might be called to this, as well as to all the other circumstances of whatever sales might be in evidence; but the decisive point is the quantity sold rather than the purpose of the purchaser.

The other questions presented by the bill of exceptions may not be raised again in the same manner, and we do not deem it necessary to pass upon them, especially as the district attorney seems to have overlooked them and has not argued them in his brief.

<em>Exceptions sustained.</em>

---

* Evidence as to different sales testified to by the witnesses for the Commonwealth.