Bolster, C. J.
It was decided in 1933 by Cormier v. Hudson, 284 Mass. 231, which was a bill in equity brought by a judgment creditor to enforce an insurer’s liability under extra-territorial coverage of “liability . . . for damages on account of bodily injuries . . . suffered by any person” that consequential damages, in that case medical expense and loss of service of injured minors, were included. The court followed earlier cases cited in the opinion. The decree held the insurer, though the insured had not paid. The accident in that case had occurred after Stat. 1930, Ch. 340 took effect. That statute expands the earlier law by giving a judgment creditor recourse to the insurer’s liability under the compulsory insurance law “for loss or damage on account of bodily injury or death of for loss or damage resulting therefrom.” The policy required to be issued in terms covers consequential damages. Nothing is said in that act about limitation of the time for bringing action. Stat. 1925, Ch. 346, § 10 set a one-year limitation for “actions of tort for bodily injuries or for death the payment of judgments in which is required to be secured by chapter 90. ”
Stat. 1928, Ch. 381, § 4 repeats the .expression. Stat. 1929 struck out all of section four of chapter 260, and inserted a new section, though the title shows that the purpose was to extend the two-year limitation to optometrists. Then followed the act of 1930. By statute 1931, ch. 458, entitled, “An act relative to the indemnification or protection of *347 officers and employees of the (state and its subdivisions) on account of the operation of publicly owned motor vehicles,” it is provided in section five that “actions of tort for bodily injuries or for death the payment of judgment in which is required to be secured by chapter ninety, ’ ’ and actions against public employees shall be brought within one year. Next came the Tercentenary Edition of the General Laws. Stat. 1933 Ch. 318, § 4, repeats the expression “actions of tort for bodily injuries.” cf. Williams v. Nelson, 228 Mass. 191 (1917). Com. v. Greenwood, 205 Mass. 124, 127. Nichols v. Vaughan, 217 Mass. 548. So also does Stat. 1934, Ch. 291, § 4.
So much as to statute law. The point actually decided in 1934 in Bartlett v. Hall, 288 Mass. 532, was that as the law stood in 1929 the phrase “actions of tort for bodily injuries ’ ’ as used in the short-limitation statute did not include actions for consequential damages.
The act of 1930 was held inapplicable. The intimation in the opinion that that statute incidentally affected the period of limitation with respect to subsequent injuries, is pure dictum. It follows that the precise question now to be decided as res integra is whether legislation subsequent to 1929 has changed the former limitation law. All the urgings of expediency and policy are in favor, but it is a legislative concern, and the only question for the court is what the statutes have actually accomplished.
The 1930 statute does not say that actions of tort for bodily injuries shall include actions for consequential damage. It adds the latter as a new and separate class to those previously entitled to the benefits of compulsory insurance, and that is all that its language covers. Yet in the frequent later restatement of the limitation statute the phrase “actions of tort for bodily injuries” remains unchanged and the succeeding phrase “the payment of judgment in which is required to be secured” is, as it has been since first used *348 in 1925, a restriction and not an expansion of the words “bodily injuries.”
It is a cardinal rule of statutory interpretation that language must be found in an act which, either by express words or necessary implication, works a change in the previous law, in order to accomplish that result. King v. Viscoloid Co., 219 Mass. 420. Bergeron, Petr., 220 Mass. 472. New England Bond &c. Co. v. Brock, 270 Mass. 107, 112. Cohen v. Price, 273 Mass. 303, 368. It is not the business of the judicial department to fill omissions. Morse v. Boston, 253 Mass. 247, 252. It is a purely gratuitous assumption that the legislature of 1930 did not mean to give parties indirectly injured a new right, and at the same time deny to tort-feasors in such cases the benefits of the one-year limitation. The wisdom or un-wisdom of that result is not a judicial concern. If unwise, it is for the legislature to change the situation. It is also pure surmise whether, if the legislature of 1930 had at all turned its attention to limitation of actions for consequential damages, the result would have been a two-year or one-year limitation, and, if the latter, whether conditions, and what conditions, would have been attached. The defendant’s argument merely invites the court to do what the legislature might have done, but did not do, to fill a void, not to solve an equivocation.
Report dismissed.