SECURITIES INV. Co. *v.* COBB.

*(Nashville,* December Term, 1937.)

Opinion filed Feb. 12, 1938.

ALBERT WILLIAMS, JOE BROWN CUMMINGS and STAN-LEY HORN, JR., all of Nashville, for appellant.

HORACE OSMENT, of Nashville, for appellee.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

The bill was filed by the securities company to enjoin the collection by Davidson county of a privilege tax for dealing in secondhand automobiles, under item 9 of section 1, article 3, chapter 13, of the Pub. Acts of the Second Extraordinary Session of 1931, as amended by section 1(7) of chapter 194 of the Public Acts of 1935. The chancellor first granted a temporary injunction, but, after hearing the case upon the stipulation of facts, held that the securities company was liable for the tax and dismissed the bill, from which decree the company has appealed.

The primary business of the appellant, in which it was engaged, is that of lending money upon notes secured by chattel mortgages upon automobiles and of purchasing conditional sales contracts upon automobiles. It had paid the privilege tax specifically applicable to this business. It appears that incidental to the conduct of this business, upon default under its mortgage or conditional sales contracts, it recovers the cars and advertises them for sale and commonly purchases said

cars at such sales and thereupon resells these cars; and that its business of selling automobiles is confined to these secondhand cars so acquired, except that in the course of selling these cars, it from time to time takes in as part of the consideration other cars, and in turn makes sale of these.

The contention of the securities company is that, under these circumstances and conditions, it is not subject to the privilege tax levied by the act, as amended, upon "persons dealing in buying or selling second-hand automobiles or parts." The pertinent clauses of the act, as amended, read as follows:

"All persons maintaining an office or place of business as agent or representative of any manufacturer or jobber of automobiles, whether a stock of automobiles, trucks, and/or parts is carried at [as] such office or place of business or not, shall be classified as 'dealers' and taxable as such. [The schedules are omitted.]

"Provided, That the privilege on agents and salesmen herein levied shall not apply to agents or salesmen of dealers paying the dealers' privilege tax above provided, in the county where the dealer pays." Pub. Acts 1931, 2nd Ex. Sess., Art. 3, section 1, Item 9.

"Provided that persons dealing in, buying or selling second-hand automobiles or parts shall be taxable under the Item." Pub. Acts 1935, chapter 194, section 1(7), amending Pub. Acts 1931, Art. 3, section 1, Item 9(a).

It is the last-quoted proviso that we have for construction here.

It is conceded that the Legislature may carve out a specified part of a general business and declare it a privilege, but it is said that the intention of the Legislature to do this must appear by express language, and

that the language of the statute in question reveals no intention to apply this tax to the appellant company under the facts stipulated, it having paid a privilege tax for the conducting of its business, and the sale of cars by it being merely incidental to and properly connected with the business for which it has been licensed. The holding in this court in *Shelton* v. *Silverfield*, 104 Tenn., 67, 56 S. W., 1023, is cited as authority for the contention made by the company. That was a case arising under the Revenue Act of 1899, chapter 432, levying a tax on all merchants, and by section 4, on (a) dealers in second hand clothing and (b) pawnbrokers. Silverfield & Feldman were pawnbrokers and paid the privilege tax prescribed for that business, and it appeared that in the regular course of that business they loaned money on articles and sold these articles after default, and then resold them in order to realize the debts, these articles including secondhand clothing. The court held that these pawnbrokers were not liable for the privilege tax levied on dealers in secondhand clothing by paragraph (a) under section 4 of the act; that the sale so made formed an essential part, or feature, of the business. We think the instant case is to be distinguished, giving consideration to the language above quoted, in that it does not appear to be contended in this case that, under the facts stipulated, the business of buying and selling of automobiles by the securities company is an "essential part" of the business for which it has been licensed, the argument going no further than the contention that the selling and buying of these cars by the appellant is "merely incidental to, and properly connected with," the occupation for which it has paid a license. The facts differ. Unlike the case of the pawn-

broker, it appears from the stipulation that the appellant operates and maintains a practically independent business at a separate location. The decree of the chancellor contains a fair summary of the facts as follows:

"The Securities Investment Company has established and maintains a place of business, a used car sales lot, at 121 Seventh Avenue, North, from which automobiles purchased by it in the enforcement of conditional sales contracts at public auction are being offered for sale and sold to the general public; that it takes in other cars in trade as part payment, which cars are likewise sold to the public; that the business so conducted by it is in charge of a manager of said second hand car sales department; that a regular salesman is employed and likewise necessary mechanics and help are employed for reconditioning said cars; that said business is conducted in the same manner as other second hand car dealers conduct their business except that it buys no second hand automobiles except those originally sold by them under authority of conditional sales contract, or as heretofore stated as part payment on same."

While it is true that this sales business has its origin in the primary business of the securities company, and the title to the cars dealt in may be traced back to this primary source, we think no more can be claimed for the company than that experience has demonstrated that it was desirable and profitable for this loan and finance company to enter and conduct what is in fact, and is generally regarded as, an independent business operation, conducted for profit and in competition. We think the principle of isolated transactions, recognized and applied by this court in construing other privilege tax statutes, such as real estate brokers and note shav-

ers, has application, by analogy, here. In other words, perhaps the true test is whether or not the situation presents a case of conducting a business, here the business of buying and selling secondhand automobiles, as distinguished from doing occasional, sporadic, and, in this sense, incidental selling. See *Wender* v. *Lobertini*, 151 Tenn., 476, 267 S. W., 367; *Trentham* v. *Moore*, 111 Tenn., 346, 76 S. W., 904; *Anderson* v. *Mason*, 8 Tenn. Civ. App. (8 Higgins), 42. Applying this rule, we are of opinion that the tax here questioned, levied upon "persons dealing in, buying or selling secondhand automobiles," that is, so engaged as a business, is fairly to be construed to apply to appellant company, despite the fact that it pays a privilege tax for dealing in chattel mortgage notes and conditional sales contracts. Many illustrations might be given of large and small incorporated and unincorporated businesses which, in the progress and evolution of their original and main undertakings, and in support thereof, have found it desirable to operate through subsidiaries and allied organizations businesses which are technically independent entities, but which have grown out of and contribute directly, or indirectly, to the original or parent organization, business, or occupation. Having found it profitable to operate such branches, they are reasonably held to subject themselves to the tax laid upon the business of "dealing in" secondhand automobiles, in which they thus engage.

We find no error and the decree of the chancellor is affirmed.