**Diane BROCK, Plaintiff,**

v.

**POSITIVE CHANGES HYPNOSIS, LLC, Dorus Alderman, and Kathy Alderman, Defendants.**

No. 06–2772–JPM/tmp.

United States District Court, W.D. Tennessee, Western Division.

Jan. 22, 2008.

Charmiane G. Claxton, Robin H. Rasmussen, Apperson Crump & Maxwell, PLC, Memphis, TN, for Plaintiff.

James R. Mulroy, II, Oscar John Norris, III, Kiesewetter Wise Kaplan & Prather, PLC, Memphis, TN, for Defendants.

## ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

JON P. McCALLA, District Judge.

Before the Court is Defendants' Motion for Partial Judgment on the Pleadings, filed September 17, 2007, with the deposition testimony of Diane Brock attached as Exhibit 1 (Doc. 23). Plaintiff filed her Response in Opposition on October 22, 2007, with the deposition testimony of Di-

ane Brock attached as Exhibit A (Doc. 35). Defendants replied in support of their motion on October 30, 2007 (Doc. 46). Plaintiff filed her Sur–Reply in Opposition on November 6, 2007 (Doc. 56). For the reasons discussed below, the Court GRANTS the Defendants' Motion for Partial Judgment on the Pleadings.

## I. Background

This case arises from Plaintiff Diane Brock's employment with Defendant Positive Changes Hypnosis, LLC ("PCH"). Plaintiff began working for PCH as a Hypnosis Sales Consultant in March 2003. (Compl.¶ 11.) PCH compensated Plaintiff on a commission basis, paying her 10% of the cost of every hypnosis service "program" she sold to clients. (Compl.¶ 16.) Plaintiff's compensation did not change when she worked more than forty hours in a week. (Compl.¶ 24.) Plaintiff's compensation did not reflect any sales she made of the "[t]apes, supplements, accelerated tapes, CD's, headsets, [and] books" that PCH sold in conjunction with its service programs. (Brock Depo. 153.) In early 2006, another PCH employee filed a complaint with the United States Department of Labor ("DOL"), who subsequently conducted an investigation into PCH's labor and compensation practices. (Compl.¶ 29.) The DOL determined that PCH had violated 29 U.S.C. § 207(a)(1) and owed Plaintiff $4,946.56 in unpaid overtime. (Compl.¶ 32.)

Plaintiff's Complaint alleges that following this DOL determination, PCH threatened Plaintiff with decreased compensation if she collected her unpaid overtime. First, Plaintiff alleges, PCH arranged for her to sign a false statement that she had been paid in satisfaction of the DOL determination. (Compl.¶ 35.) Then, when the DOL required further proof of payment, Plaintiff alleges that PCH arranged for her to return all payments made to her in satisfaction of the unpaid overtime debt,

(Compl.¶ 39.) Plaintiff alleges that she cooperated with PCH because if she did not her employers would change her 10% commission to an hourly wage and 6% commission package, which would have been less valuable. (Compl.¶¶ 40–41.) Plaintiff alleges that PCH issued her a check for $3,226.15, which was the amount owed for unpaid overtime less applicable taxes, and then expected Plaintiff to pay back the full $4,946.56. (Compl. ¶ 43.) Plaintiff alleges that after she refused to pay PCH the $1,720.42 in withheld taxes and asked for the return of the $3,226.15, the Defendants began discriminating against her. (Compl.¶ 48.) Plaintiff alleges that on by July 26, 2006, this hostility and the adverse affect it had on her relationship with her clients forced her to resign from her position with PCH. (Compl.¶ 52.) Finally, Plaintiff alleges that Defendant Dorus Alderman "stated to a third-party that Plaintiff was having an affair with another former employee" of PCH. (Compl.¶ 58.)

On November 14, 2006, Plaintiff filed the instant action, seeking relief for unpaid overtime in violation of 29 U.S.C. § 207(a)(1); retaliation for protected activity in violation of 29 U.S.C. § 215(a)(3); failure to pay commissions in violation of Tenn.Code Ann. § 47–50–114, et seq.; slander and defamation in violation of Tenn. Code Ann. § 29–24–101, et seq.; and intentional infliction of emotional distress. In their Motion for Partial Judgment on the Pleadings, Defendants seek to dismiss Plaintiff's claim that Defendants failure to pay commissions violates Tenn.Code Ann. § 47–50–114, et seq.

## II. Standard of Review

Federal Rule of Civil Procedure 12(c) requires that if, "on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treat-

ed as one for summary judgment." In support of their Motion, Defendants submitted deposition testimony of Diane Brock. In opposition, Plaintiff also relied on deposition testimony of Diane Brock. Accordingly, the Court treats the Motion as one for summary judgment.

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). So long as the movant has met its initial burden of "demonstrat[ing] the absence of a genuine issue of material fact," *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548, and the nonmoving party is unable to make such a showing, summary judgment is appropriate. *Emmons v. McLaughlin,* 874 F.2d 351, 353 (6th Cir.1989). In considering a motion for summary judgment, however, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." *Kochins v. Linden–Alimak, Inc.,* 799 F.2d 1128, 1133 (6th Cir.1986), *reh'g denied; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

When confronted with a properly-supported motion for summary judgment, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *see also Abeita v. TransAm. Mailings, Inc.,* 159 F.3d 246, 250 (6th Cir.1998), reh'g and reh'g en banc denied. A genuine issue of material fact exists for trial "if the evidence [presented by the nonmoving party] is such that a reasonable jury could return a verdict for the nonmoving party."

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In essence, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52, 106 S.Ct. 2505.

### III. Analysis

Tenn.Code Ann. § 47–50–114, *et seq.* ("the Commission Statute") applies to any "principal" who "(A) [m]anufactures, produces, imports, or distributes a product for wholesale; (B) [c]ontracts with a sales representative to solicit orders for the product; and (C) [c]ompensates the sales representative, in whole or in part, by commission...." Defendants move the Court to dismiss Plaintiff's claim under the Commission Statute because PCH did not deal in wholesale products and because Plaintiff did not collect a commission on the sales of any such products.

Case law interpreting the terms of the Commission Statute are limited to the decision *Bowman v. PHP Companies, Inc.,* 2005 WL 2993902, at *11 (E.D.Tenn. Nov.8, 2005). In *Bowman,* the Court relied on the decisions in *Formestic, Inc. v. Residential Warranty Corp.,* 1997 WL 51490 (N.D.Ill. Feb.4, 1997) and *Forman v. Nat'l Council on Comp. Ins., Inc.,* 13 S.W.3d 365, 370 (Tenn.Ct.App.1999) to conclude that the term "product" as used in the Commission Statute does not include intangible items.

Like the group insurance plans in *Bowman,* the hypnosis service programs that Plaintiff sold for PCH on commission were intangible and therefore not products within the meaning of the Commission Statute. Only the "[t]apes, supplements, accelerated tapes, CD's, headsets, [and] books" that PCH sold in conjunction with its service programs may be considered as

products within the meaning of Commission Statute. (Brock Depo. 153.) However, these products were neither sold at wholesale, nor on commission. (*See* Compl. ¶ 12; Brock Depo. 152.)

In her deposition, Plaintiff acknowledged that she did not receive a commission on the sale of the tapes, supplements, accelerated tapes, CD's, headsets, and books in the following exchange,

Q: Did she explain to you the 7–1 exemption, the retail sales exemption?

A: I don't know what that is.

MS. RASMUSSEN: That's not what he asked you.

A: No.

Q: Now, my understanding is in addition to the contracts that you sold that there were products that were sold by the business; is that true?

A: Which I got no percentage of.

(Brock Depo. 152.) In her Response, Plaintiff argues that "the Tennessee statute has no requirement that the sales representative's commission be based solely on the sale of tangible goods." (Pl.'s Resp. 3.)

■ The Court need not address this question of interpretation, because Plaintiff has failed to submit any evidence that PCH operated in anything but a retail capacity, selling hypnosis service programs directly to consumers, rather than to retailers. In her response, Plaintiff argues that the "term 'wholesale' is not defined by the statute therefore, it cannot be ruled out that Mrs. Brock solicited wholesale orders." (Pl's Resp. 3.) However, all persuasive legal authority defines wholesale as the sale of goods to a retailer who resells to a consumer. *See, e.g.,* FLSA Retail or Service Establishment, 29 C.F.R. § 779.24 (1970); Tenn.Code Ann. § 67–4–702(a)(19); *Harrison v. State,* 96 Tenn. 548, 35 S.W. 559 (1896); *Pfizer v. Johnson,* 2006 WL 163190, at *1 (Tenn.Ct.App. Jan.23, 2006). The Court adopts this long-standing and commonly-used definition and finds that in order to invoke the Commission Statute, Defendant must have sold its tangible products not to their ultimate users, but to retailers who planned to resell the tangible products to consumers.

Plaintiff's Complaint describes PCH as "a business which performs services to clients in the area of self-improvement." (Compl.¶ 12.) Neither the Complaint nor any briefing or supplemental materials assert that PCH's clients were anything other than the consumers of the services they purchased. Plaintiff's deposition testimony that she had not received an explanation of the "retail sales exemption" appears to be a tacit acknowledgment by the Plaintiff that she sold the products at retail not wholesale. Plaintiff has failed to raise any genuine issue of material fact as to the sale of any products to such a retailer that would qualify PCH as a wholesaler and thus a principal within the meaning of the Commission Statute. Accordingly, the Court GRANTS Defendants' Motion for Partial Judgment on the Pleadings as to Plaintiff's Commission Statute claims.

## IV. Conclusion

For the reasons discussed above, the Court GRANTS Defendants' Motion for Partial Judgment on the Pleadings and DISMISSES Plaintiff's claims brought pursuant to Tenn.Code Ann. 47–50–114, *et seq.*

SO ORDERED.