# City of Mobile *v.* Craft & Co.

*Prosecution for Violation of Municipal Ordinance.*

1. *License tax in Mobile on retailers of cigars.*—The business of a wholesale and retail grocer does not necessarily include the business of selling cigars by retail, but a separate license tax may be imposed for each; and the fact that the grocer's license is fixed at the maximum rate allowed by law, does not affect his liability for the special tax under another ordinance.

APPEAL from the City Court of Mobile.
Tried before the Hon. O. J. SEMMES.

PILLANS, TORREY & HANAW, for appellant, cited Dill. Mun. Corp., §§ 90–91, 316 ; *Vanhook v. Selma*, 70 Ala. 361 ; 15 Conn. 475 ; 38 La. Ann. 328.

HANNIS TAYLOR, *contra*.

COLEMAN, J.—Craft & Co. were fined by the Mayor of Mobile for violating a city ordinance which imposed a license tax upon persons engaged in the business of retailing cigars. The case was appealed to the City Court, and there the court overruled the demurrers interposed to the pleas of the defendant. The case was then tried without the intervention of a

jury, under section 2744 of the Code. The court found the facts to be as set up in the pleas of the defendant, and entered judgment accordingly.

The city ordinance fixing and establishing the rate of license tax for the year commencing March 15th, 1890, "imposed and assessed a special license tax of two 50-100 dollars upon all persons trading in or carrying on the business of selling cigars by retail in hotels, bar-rooms, drug-stores, coffee-saloons, restaurants, and all places of business other than tobacco stores." Section 40 of an act to incorporate the Port of Mobile, approved Dec. 10, 1886 (Acts of 1886-7, p. 247), provides, "that the said general council shall, besides the tax heretofore authorized, have the authority to assess and collect from all persons or corporations trading or carrying on any business, trade, or profession, by an agent or otherwise, within the limits of said corporation, a license tax, which shall be fixed and declared each year by an ordinance of said corporation, and the license so laid shall be issued, and the amount imposed shall be collected, as may be provided by ordinance of said corporation." . . . Said general council may, also, by ordinance impose such fines and penalties, within the limitations named in this act, as they may deem advisable, for the doing of any business, or the carrying on of any trade, or the practicing of any profession, by any party who shall fail to take out such license as may be imposed by said general council, under the authority conferred by said general act; provided, also, that the license tax hereby authorized shall not exceed seventy-five *per centum* of the amounts fixed for licenses by the last ordinance on the subject enacted by the mayor, aldermen and common council of the City of Mobile."

The facts set up in the pleas of the defendant, the demurrers to which were overruled, and which were found to be true by the court, are, that after the passage of the ordinance fixing the license tax for the retail of cigars at two 50-100 dollars, an ordinance was passed which "imposed and assessed a general license, upon every pursuit, business, profession or trade not specially provided for, in a foregoing enumeration; and defendants paid to said city the sum of fifty-six 25-100 dollars for a general license tax as wholesale and retail grocers; and that the sale of cigars by them was an element of their general trade as wholesale and retail grocers, and not as a separate pursuit or business; and that the sum of fifty-six 25-100 dollars paid for their general license was a sum equal to seventy-five *per centum* of the amount fixed for license by the last ordinance on this subject; and that under said last ordinance no special tax was imposed upon the selling of

cigars, whether such business was carried on as a separate business or as an element in the business of wholesale and retail grocers; and that the said special license tax for retailing cigars is a new subject of special license tax not embraced in the last ordinance upon the subject of licenses."

As we construe the pleas of the defendant, they are intended to raise the following questions: 1st, whether or not section 40, *supra*, authorizes the city to impose a special tax for retailing cigars, when they are sold as an element of the business of wholesale and retail grocers, for the doing of which grocer's business a general license has been paid for and taken out. There can be no reasonable question of the authority of the common council to pass such an ordinance.—1 Dill. Mun. Cor. § 91; *Van Hook v. City of Selma*, 70 Ala. 363. The business of a grocer does not necessarily include a dealer in tobacco. Section 40 of the act of incorporation, *supra*, authorizes the general council to assess and collect a license tax "from all persons or corporations, trading or carrying on any business, trade or profession" When the city ordinance imposed a special tax of two 50-100 dollars, as a license tax to retail cigars, and by a succeeding ordinance a general license tax of a much larger sum upon wholesale and retail grocers, the license to engage in the latter business did not relieve the party from the special tax for retailing cigars; while the business of the two may be combined, as also a dry-goods merchant, the keeper of a restaurant, or a liquor-dealer may combine with his business that of retailing cigars; but the fact that no license tax was required of the dry-goods merchant, or a different license tax was required of the liquor-dealer, or restaurant-keeper, would not relieve the party of the special license tax upon retailing cigars.

The second question is as to the provision that the license tax shall not exceed seventy-five *per centum* of the amounts fixed for licenses by the last ordinance on the subject. We hold that the proper construction of this provision, when applied to the present case, is that the general license tax imposed upon grocers shall not exceed seventy-five *per centum* of the license tax imposed upon that business by the last ordinance; but the construction insisted upon, that this provision prohibits the common council from imposing a license tax upon business which had not by a former ordinance been taxed, or from declaring that the business of retailing cigars was not included in the business of a grocery merchant, would be too narrow. Section 40, *supra*, confers authority to impose a license tax upon any business. Whether the business had been carried on previously without being subjected to a license

[Espalla v..Richard & Sons.]

tax, or whether the business was entirely new and for the first time engaged in and carried on, could make no difference in the application of the ordinance. We have held that the business of a grocer does not necessarily include a tobacco-dealer. The purpose and scope of this provision was simply to provide that the license tax thereafter, as to all business which had been subjected to a license tax by a previous ordinance, should not exceed seventy-five *per centum* of the amount fixed by the last ordinance ; but, as to any business which had not been taxed, the general council has authority to assess and collect a license tax. To hold otherwise would restrict the power of the general council to assess and collect a license tax only upon such business as was being carried on and taxed when the act was passed, while all new enterprises or distinct business which had not been taxed would be relieved of this burden. We hold the City Court erred in overruling the demurrers to defendant's pleas, and in the final judgment rendered upon the facts.

Reversed and remanded.