# City of Mobile *v.* Richards & Sons.

*Action by Municipal Corporation to Recover a Penalty Incurred by Violating City Ordinance.*

1. *Power of municipality to levy taxes.*—The power of a municipal corporation to tax must be clearly and unequivocally conferred by the State, and all doubts whether the power has been conferred in a given instance must be resolved against the municipality.

2. *Power of Port of Mobile under Act of Dec. 10, 1886, to impose license tax.*—The power given the Port of Mobile in the Act of Dec. 10, 1886, to impose a license tax upon all business, trades and professions, not exceeding seventy-five per cent. of the amount fixed therefor by the last preceding ordinance of the city of Mobile on the subject, is not limited to such business, trades and professions as were alone taxed by such prior ordinance, but extends to callings not taxed by said former ordinance.

3. *Judicial knowledge.*—It is common knowledge that the business of selling liquor is not such a customarily inseparable and necessary part of the business of a wholesale grocer, that legislation can not separate them when united, and tax them separately. But common knowledge does inform this court, that from the earliest history of license taxation, in this State, this business has been deemed a distinct one for the purposes of such taxation.

APPEAL from the City Court of Mobile.

Tried before the Hon. O. J. SEMMES.

This was a suit by the city of Mobile to recover from defendants below the amount of the penalty imposed by the mayor for a failure to pay a special license tax laid by an ordinance of the city on all who engaged in the business of selling liquor by the wholesale within its limits. Besides the general issue, two special pleas, amounting in substance to the same, were interposed by defendants, setting up certain facts on which they based their claim to immunity from said license tax. To these pleas, demurrers were filed, which the court below overruled. It was then agreed that the facts set forth in said pleas were true, and on these facts the court entered judgment for defendants. In these pleas defendants say that, besides the special license tax imposed by the said ordinance on special businesses and pursuits, including wholesale liquor dealers, it (said ordinance) also imposed a general license upon every pursuit, business, or trade not specially provided for in the "foregoing enumeration;" that defendants obtained, under said last-named clause, a license for the year to do business as wholesale grocers ; that they engaged in the business of selling liquor

[City of Mobile v. Richards & Sons.]

at wholesale, not as a separate and distinct business, but as a part of and in connection with their business as wholesale grocers, and hence that the city could not lawfully demand of them the license tax imposed by the same ordinance on wholesale liquor dealers. Defendants further say that by the present charter of the city of Mobile, the license tax authorized to be laid shall not exceed seventy-five per cent. of the amount fixed for license by the last ordinance on this subject, enacted by the mayor, aldermen and common council of the city ; that by said former ordinance, no license tax was imposed on wholesale liquor dealers, but was imposed upon wholesale grocers ; that under said former ordinance, while in force, they took out a license as wholesale grocers, and thereunder sold liquor at wholesale without taking out any special or additional license therefor ; that the amount paid under the present ordinance for a license to do business as wholesale grocers is equal to seventy-five per cent. of the amount fixed by the "former ordinance" on wholesale grocers. The demurrers interposed to the pleas raise the question of the sufficiency of the defense set up.

PILLANS, TORREY & HANAW, for appellant, relied on the following authorities : *City of Mobile v. Craft,* 94 Ala. 156 ; 1 Dill. Munic. Corp. §§ 90–1 ; *Van Hook v. City of Selma,* 70 Ala. 363.

HANNIS TAYLOR, for appellees, cited *The Passenger Cases,* 7 Howard, 283 ; *Morgan v. Louisiana,* 118 U. S. 455, 462 ; *Ouachita v. Aiken,* 121 U. S. 488 ; 2 Dillon Munic. Corp. 706 ; *Lott v. Ross,* 38 Ala. 156 ; *Baldwin v. City Council,* 53 Ala. 436 ; *City of Selma v. Selma Press & W. Co.,* 67 Ala. 430.

HEAD, J.—In view of the principle, that the power of a municipal corporation to tax must be clearly and unequivocally conferred by the State, and that all doubts whether the power has been conferred, in a given instance, must be resolved against the municipality, we perceive the force of the argument that the act to create the Port of Mobile, approved Dec. 10, 1886, (Acts 1886–7, p. 24) which, while in general terms authorizing the general council to impose license taxes upon all businesses, trades and professions carried on in the city, yet further provides that the license tax so authorized shall not exceed seventy-five *per centum* of the amount fixed for license by the last ordinance on the subject enacted by the mayor, aldermen and common council of the city of Mobile, should be construed to mean that the au-

thority to impose license taxes is confined to those businesses, trades or professions which were taxed by the said last ordinance on the subject; but that question came directly before this court in *City of Mobile v. Craft & Co.*, 94 Ala. 156, and we there held that the provision of the charter mentioned did confer upon the municipality the power to tax callings not taxed by virtue of said last ordinance, and the question must be regarded as settled by that adjudication. We have no disposition now to depart from it, or question its correctness.

Under the said last ordinance of the city, prior to the grant of the new charter of December 10, 1886, a license tax of $75.00 was imposed upon wholesale grocers, but none upon the selling of liquor by wholesale, whether such business was carried on as a separate and distinct pursuit, or as a part of, or element in the business of a wholesale grocer. Appellees then carried on the business of wholesale grocers and paid for and obtained the required license therefor; and as one of the elements in their general trade as wholesale grocers they carried on the business of wholesale liquor dealers, without being required to pay any additional license tax. In this connection, their counsel, in argument, emphasize the statement in the plea, which is embodied, in terms, in the special finding of facts by the City Court, that "under such general license they were permitted by the corporation to carry on, as a part of said wholesale business, the business of selling liquor by wholesale without any special license whatever." If, from this averment and finding, it could properly be concluded that, by the terms of the said ordinance, one license tax was prescribed and required to be paid by wholesale grocers, who also engaged in selling liquor at wholesale as an element in the business of grocers, referring the charter of 1886, with its peculiar provisions to which we have alluded, to that ordinance, it might be deemed a just interpretation of the charter to hold that the legislative intent was that only one license tax should be imposed upon persons so engaged. But the language of the finding does not justify that conclusion. We construe it to mean, merely, that the ordinance was silent upon the subject of wholesale liquor licenses, and that appellees simply carried on the business, as they did, unmolested. We, therefore, attach no significance to that feature of the case. The question then is whether the business of selling liquor is such a customarily inseparable and necessary part of, or element in, the business of a wholesale grocer, as that legislation can not legitimately separate them, when united, and

subject each to distinct license taxation; or that legislation imposing or authorizing license taxation, in the general terms found in appellant's charter, should not reasonably be so construed as to require a license for each when the two are blended in one. We know, as common knowledge, that the sale of "flour" and "coffee" and "bacon" which counsel mention, by established custom and commercial necessity, pertain peculiarly to the business of a grocer; and if the validity of legislation which would impose a separate tax upon the business of selling each of those commodities, be conceded, it would, at least, be required that the legislative intent to that end be manifested in the clearest and most unmistakable terms. But can this be said of the business of selling liquor? Common knowledge does not inform us that the grocers' business, by any such custom and necessity, includes dealing in liquors; and it is not so averred in the plea or found in the special finding of facts. Indeed, we know that from the earliest history of license taxation. in this State, this business has been deemed a distinct one for the purpose of such taxation; and it is common knowledge that payment of such taxes has universally been exacted, for State, county and municipal purposes, of those who engage in it, whether as a separate business, or in connection with some other; and it is common knowledge too, in trade and commerce, throughout the country, generally, that dealing in liquors, though often carried on by grocers, is regarded as a distinct and independent line, both at wholesale and retail. We have, therefore, no hesitation in upholding the validity of a law which requires the licensed grocer to pay, in addition, for the traffic in liquor; and think no stretch of construction necessary to find in appellant's charter the intent to accomplish that end, at the pleasure of the municipality. We said as much in the *City of Mobile v. Craft & Co., supra,* in reference to the sale of cigars, in connection with other trades, and can see no difference, in principle, between that case and this. We hold, therefore, that the license tax sought to be collected, in this case, was lawfully imposed. The judgment of the City Court is reversed, and a judgment will be here rendered in favor of appellant against the appellee for the sum of ten dollars, imposed by the mayor, and costs of suit.

Reversed and rendered.