# Mayor and Aldermen of Tuscaloosa v. Holczstein.

## Prosecution for Violation of Municipal Ordinance Imposing a License Tax.

1. *Municipalities; license tax on milliners, under charter of City of Tuscaloosa; Acts 1894-95, p. 1079.*—Under the charter of the city of Tuscaloosa, authorizing the city authorities to "levy and collect annually a tax on and to regulate and license * * * millinery establishments * * * and each person or firm engaged in merchandising or carrying on any business of a mercantile character," the imposition by ordinance of a license tax, in addition to merchants license, upon "merchants selling millinery," is unauthorized by the charter and void.

2. *Same.*—Under said charter provisions, one engaged in the general mercantile business, selling dry goods and clothing, and also keeping and selling, as a part of his stock, ladies' hats, laces, ribbons, etc., but not engaged in trimming or making hats, or in combining and fashioning these articles into perfected articles of women's wear, cannot by city ordinance be compelled to pay a "milliner's" license-tax in addition to the license-tax required of merchants.

3. *Same.*—If one engaged in a general mercantile business should, as a part of that business, engage in buying the articles or materials necessary to and used in the making of finished, ready-to-wear, millinery creations, and in combining and fashioning these materials into the perfected article of women's wear and selling the completed commodity, he could, under said charter provisions, be made liable by ordinance both for the merchant's tax and that imposed on "millinery establishments."

4. *Same; distinction between "merchant" and "milliner."*—A merchant only deals in commodities, selling articles in the same condition in which he bought them; a milliner not only buys and sells articles without changing their form, but also buys goods which she combines, fabricates and fashions into articles of women's apparel, and sells such articles in their

[Mayor and Aldermen oɪ Tuscaloosa v. Holczstein.]

completed form, being, in a sense, a manufacturer as well as a dealer.

5. *Municipal corporations; charters authorizing imposition of license taxes, how construed.*—Charter authorizations to municipalities in regard to the imposition of license-taxes are to be strictly construed, so that no tax, except such as are with reasonable certainty within the terms employed, shall be deemed to be authorized.

APPEAL from the Circuit Court of Tuscaloosa.

Tried before the Hon. S. H. SPROTT.

The appellee, A. Holczstein, was tried for the violation of a city ordinance, and from a judgment of acquittal the municipality appeals. The city charter of Tuscaloosa will be found in Acts of Alabama, 1894-95, page 1079. All other facts necessary to an understanding of the opinion are stated therein.

VAN DEGRAAFF & VERNER, for appellant, cited Acts, 1894-95, page 1079; *Mobile v. Craft & Co.,* 94 Ala. 156; *Van Hook v. Selma,* 70 Ala. 363; *Mobile v. Richards Sons,* 98 Ala. 594; 1 Dill. Munic Corp., § 91.

FOSTER & OLIVER, *contra,* cited *Ex parte Sims,* 120 Ala. 120; *Mobile v. Richards,* 98 Ala. 594; *Rosenbaum v. Newburn,* 32 L. R. A. 12.

McCLELLAN, C. J.—The mayor and aldermen of Tuscaloosa are authorized by the charter of that city "to levy and collect annually a tax on and to regulate and license the persons, businesses, vocations and privileges" therein mentioned, to-wit "*  *  * millinery establishments;  *  *  * each person or firm engaged in merchandising or carrying on any business of a mercantile character," etc., etc. The mayor and aldermen of the city in attempting to exercise the power thus conferred passed an ordinance levying license taxes upon a great number of persons, businesses, occupations and privileges, and, among the rest, the following:

"Art. 87. · Millinery establishments not paying
merchants tax .......... ....... .............$10.00
Art. 88. Merchants selling millinery, in addition to merchants licenses ................$7.50
Art. 89. Merchants, each person, or persons, or firm engaged in merchandising or carrying on any business of a mercantile character whose gross receipts of sales are less than ten thousand dollars per annum ..................$10.00
Art. 90. Merchants whose gross amount of sales exceed ten thousand dollars and less than twenty thousand dollars per annum ........$15.00
Art. 91. Merchants whose gross sales exceed twenty thousand dollars per annum........$20.00."

The appellee Holczstein during the year 1901 engaged in a mercantile business, selling dry-goods, clothing, and also as a part of his stock kept and sold a cheaper grade of ladies' hats, also sold laces, ribbons and artificial flowers, but he did not trim or make any hats. A license was paid for and issued to him for the year 1901 for engaging in the business of merchandising, or being a merchant, but he did not taken out or pay for the milliner's license prescribed by Art. 87 of the ordinance quoted above, nor the license required by Art. 88 of said ordinance. He was proceeded against by the city authorities for selling millinery without having taken out and paid for the license required by Art. 88 of the ordinance, and tried before the mayor and convicted. From that conviction he appealed to the circuit court, where upon a trial before the circuit judge without a jury he was discharged, the trial judge holding that Art. 88 of said ordinance is invalid. And that is the question presented for our consideration on this appeal prosecuted by the mayor and aldermen from the judgment of the circuit court.

It seems to us that the legislature itself in conferring the power of license taxation on the municipality of Tuscaloosa took and made a clear distinction between the "millinery establishments" and the business of merchandising or carrying on "a business of a mercantile char-

acter," for the purposes of the licensing and taxation authorized: It is, it seems to us, as if the lawmakers had said in terms "a millinery establishment is one thing and merchandising is another and different thing within the purview and meaning of this act." As an abstract proposition, it would not be inapt to say that a milliner is a merchant or a person engaged in carrying on a business of a mercantile character. But there is in point of fact a difference between an ordinary mercantile business and the business of a milliner. The merchant only deals in commodities, buying and selling. The things he buys, those things he sells in the same condition in which he bought. The milliner doubtless also buys and sells articles without changing their form, uses or identity while in her hands; but she (we say "she" because they mostly are feminine, and when not they are usually called *man*-milliners) also buys goods which she combines, and fabricates and fashions into articles of women's apparel. She is thus not only a dealer but, in a sense, a manufacturer. And this is the distinctive feature of her business, the feature which differentiates it from the business of the ordinary merchant and on account of which she is called a milliner and is not referred to as a merchant. The Century Dictionary defines a milliner thus: "in common usage, a woman who makes and sells bonnets and other headgear for women; also in England, one who furnishes bonnets and dresses, or complete outfits;" and this idea of fabrication is prominent in other standard definitions. A merchant may sell articles of millinery, such as hats, ribbons, artificial flowers, plumes, etc., etc., in the forms in which he has purchased them and not be a milliner. On the other hand, if as a part of his general mercantile business, he should engage in buying the articles or materials, necessary to and used in the making of furnished— "ready to wear"—millinery "creations," and in combining, fabricating and fashioning these materials into the perfected article of women's gear and selling the completed commodity, he would be a milliner in the strict sense, the sense of this statute; and he would be liable both for the merchants' tax and for the tax imposed on "millin-

ery establishments." This distinction between the merchant and the milliner, a mercantile business simply and a millinery establishment, is the distinction recognized in the statute itself. Its clear intent and purpose was to authorize the imposition of one tax on the buying and selling merchant, and another tax on the buying, fabricating and selling milliner. The merchant is none the less clearly a merchant only, for the fact that he buys and sells articles of millinery, and the milliner is none the less clearly engaged in carrying on a "millinery establishment" for that, while she makes or trims hats and the like, she also sells articles of millinery in their original forms. To hold that a merchant could be taxed as a milliner, merely because he keeps and sells articles of millinery would be to extend the authorization of this statute well beyond its fair and reasonable construction, and this in the teeth of the thoroughly established doctrine that such authorizations to municipalities are to be strictly construed so that no tax, except such as are with reasonable certainty within the terms employed, shall be deemed to be authorized. The act of assembly did not, in our opinion, authorize the ordinance of Art. 88, under which the appellee is prosecuted, and that article is void.

Reliance for appellant is had on the cases of *City of Mobile v. Craft,* 94 Ala. 156, and *City of Mobile v. Richards & Sons,* 98 Ala. 594. Those decisions are perfectly sound, and the views we have expressed and conclusions we have reached in this case are in no degree opposed to them. The question in those cases is wholly different from the question we have here passed on, as a careful reading and consideration of those opinions will suffice to demonstrate. There would be similitude if the legislature had only authorized the city of Mobile to impose taxes on cigar *makers* and *distillers* of whiskey, and also upon merchants, and the ordinance had undertaken to impose on a general merchant a tax as a merchant and an additional tax for *selling* whiskey or cigars as a part of his mercantile business; but if that had been the state of law and fact presented to this court in those cases, the imposition of the tax would surely have been held unauthorized and illegal.

The judgment of the circuit court must be affirmed.