[Mefford v. City of Sheffield.]


# Mefford *v.* City of Sheffield.

*Carrying on Business Without Procuring City License.*

(Decided July 6, 1906.   41 So. Rep. 970.)

*Licenses; Municipal Ordinances; Validity.*—The city charter gives
the council authority to levy license tax on all persons carry-
ing on any business; the city ordinance imposes a tax of two
hundred dollars on wholesale dealers in kerosene oil, and a ten
dollar tax on dealers, in goods, wares and merchandise; the
ordinance provides that parties engaged in two or more busi-
nesses under the same roof, shall take out license for the bus-
iness requiring the greater license, which shall exempt them
from other licenses.   Held, that merely because kerosene oil
was sold by wholsale and retail grocery merchants and drug-
gists as a part of their regular stock in trade, such article
not being necessary to the carrying on of such occupation, does
not render the provision as to wholesale dealers in kerosene
oil unconstitutional as discriminative.

APPEAL from Colbert Circuit Court.

Heard before HON. E. B. ALMON.

W. M. Mefford was convicted before the recorder of
the city of Sheffield for violating a city ordinance by en-
gaging in the business of wholesale dealer in kerosene
oil without a license.   He appealed to the circuit court
of said county and he was again convicted and from
which he prosecutes this appeal.   The facts sufficiently
appear in the opinion of the court.

CHARLES P. JONES, and W. F. THETFORD, for appel-
lant.—The effect of the two several license taxes is to
tax the business of these merchants as a whole and then
to single out a particular commodity which is properly
embraced in the conduct of said business as a whole and
tax it.   This is not permissible.—*City Council of Mont-
gomery v. Kelly,* 38 So. Rep. 67; *Phoenix Carpet Co. v.
The State,* 118 Ala. 151; *Commonwealth v. Fowler,* 96

Ky. 166; *State ex rel. v. Ashbrook*, 55 S. W.. 627; 2 Cooley on Taxation, (3rd Ed.) 1103. What is a wholesale dealer is not stated by the ordinance and under its terms the appellant will not come within that class.—*Harris v. Intendent, etc.,* 28 Ala. 577; *Ex parte Burnett,* 30 Ala. 469; *Olmstead v. Crook,* 89 Ala. 228.

J. L. ANDREWS, for appellee.

DENSON, J.—Prosecution was commenced against the defendant (appellant) before the recorder of the city of Sheffield for engaging in the business of wholesale dealer in kerosene oil in the city of Sheffield, without first obtaining a license to carry on such business. From a judgment of conviction rendered by the recorder, the defendant appealed to the circuit court of Colbert county. In that court the case was tried on an agreed statement of facts, and from a judgment of conviction rendered by that court, the defendant has appealed to this court.

The city of Sheffield was incorporated by an act of the General Assembly approved February 17, 1885 (Acts 1885, p. 781). Subsection 27 of section 27 (page 798) of the charter as established by that act was amended by an act of the General Assembly approved February 28, 1889 (Acts 1888-89, p. 907, § 5). And so much of the section as amended which bears upon the question presented by this case, is in the following language: "That subsection 27 of section 27 of said act be amended so as to read as follows: said city council shall have authority to levy and collect from all persons, firms, and corporations trading or carrying on any business, trade, or profession; by agent or otherwise in said corporate limits, a license tax on said business, trade, or profession; provided, that no license tax shall exceed the sum of two hundred dollars, except license on retail, vinous, spirituous, and malt liquors, which shall not exceed one thousand dollars."

In the statement of facts on which this case was tried, is set out a license ordinance of the city which so far as it pertains to the question in hand is as follows:

[Mefford v. City of Sheffield.]

"Annual License Ordinance. An ordinance entitled an ordinance to prescribe and fix license for business, occupations and vocations in the city of Sheffield, Alabama, for the year 1904.

"Section 1. Be it enacted by the city council of Sheffield, Alabama: That the following be and the same is hereby declared to be the schedule of licenses for the year 1904, for the divers businesses, professions, occupations and avocations carried on or engaged in, in the city of Sheffield, Alabama, and each and every person, firm, company or corporation engaging in any of the business, vocations, professions or occupations provided for by agents or otherwise, shall pay for and take out such license and in such sums as are herein provided, to-wit: For wholesale dealers in kerosene oil, or other illuminating oil, to-wit: Oil, each wholesale dealer in kerosene oil or other illuminating oil, $200.00. 110. All dealers in goods, wares, or merchandise, when license is not fixed by this ordinance, whether their principal business be the sale of the particular article dealt in or not, whether a person, firm, or corporation manufacturing or otherwise, selling to parties within the city each, $10.00.

"Sec. 4. Be it further ordained when parties are engaged in two or more businesses, under the same roof and in one room they shall take out the license for the business, profession, vocation, or occupation requiring the greater license, and not be required to pay for more than one business except as above provided."

It is conceded that the defendant did not have the license required. It is further shown by the agreed statement of facts that kerosene oil is a useful commodity, in general use, and is kept and sold by wholesale and retail grocery merchants and druggists as a part of their regular stock in trade; that there were during the entire year of 1904, both wholesale and retail grocery merchants and druggists carrying on their business in Sheffield, Ala.

The contention of the appellant is that the ordinance imposing a tax of $200 on wholesale dealers in oil violates the constitutional provision that all occupations or business enterprises or property of the same class

must be taxed equally. As was said in *Phoenix Carpet Co. v. State*, 118 Ala. 143, 22 South. 627, 72 Am. St. Rep. 143: "We may concede that when a tax is imposed on avocations or privileges, or on the franchises of corporations, it must be equal and uniform. The equality and uniformity consist in the imposition of a tax upon all who engage in the avocation, or who may exercise the privilege, taxed, and, if it be a franchise tax, upon all corporations belonging to the class upon whom it is imposed."—1 Desty on Tax. § 36; Cooley on Tax. (2d Ed.) 378; *Delaware Ry. Tax Case*, 18 Wall. (U. S.) 206, 21 L. Ed. 888; *City of New Orleans v. Kaufman*, 29 La. Ann. 283, 29 Am. Rep. 328; *Durach's Appeal*, 62 Pa. 491. The Legislature in the legitimate exercise of the taxing power, may impose direct taxes on lands only, to the exclusion of every variety or species of personal property, and vice versa. And as is said by Judge Cooley: "What is true of property is true of privileges and occupations also. The state may tax all, select for taxation certain classes and leave the other untaxed." No one doubts, that the state possessing such power, may, in the absence of any constitutional inhibition transfer it to a municipal corporation.—*Van Hook v. Selma*, 70 Ala. 361, 45 Am. Rep. 85. It will be observed, that the ordinance under consideration in terms, applies equally to all persons who engage in the business of wholesaling kerosene oil; and this is so whether such person carries on a grocery store or a drug store, and wholesales oil in connection with such business. But the agreed statement of facts shows that kerosene oil is a useful commodity, in general use, and is kept and sold by wholesale and retail grocery merchants and druggists as a part of their regular stock in trade. That while defendant was selling oil during the entire year of 1904, there were both wholesale and retail grocery merchants and druggists carrying on their business in Sheffield, Ala. It is argued from this, that inasmuch as section 110 of the license ordinance fixes the tax on all dealers in goods, wares, and merchandise at $10 annually, this should entitle these merchants to keep and to sell every article which is properly embraced in the conduct of their business as a whole, and that the city has no right to require of these

merchants an additional tax of $200 in case they see fit to keep and sell kerosene oil.

The crux of this argument is that the ordinance divides one privilege into two, and discriminates between venders of articles necessarily belonging to the one privilege by requiring a separate license tax to sell that special article. It is a correct statement of the law to say that if the city revenue ordinance undertakes to curtail a privilege by constructing out of its constituent elements two separate taxable privileges; if it imposes one tax to cover the wholesale and retailing of goods, wares, and merchandise, and another special and independent tax for the wholesaling of an article which necessarily belongs to the privilege of wholesaling and retailing, it has transcended its charter power and the provisions of the ordinance imposing such independent special tax upon the one element of the privilege are void.—*Mayor and Aldermen of Tuscaloosa v. Holczstine,* 134 Ala. 636, 32 South. 1007; *City of Mobile v. Craft,* 94 Ala. 156, 10 South. 534; *City of Mobile v. Richards,* 98 Ala. 594, 12 South. 793; *Gambill v. Erdrich,* (Ala.) 39 South. 297. While it must be conceded that the agreed statement shows that kerosene oil is a useful commodity in general use and is kept and sold by wholesale and retail grocery merchants and druggists, we think it cannot be affirmed that it is an article which necessarily belongs to the privilege of wholesaling groceries or drugs, nor does the agreed statement show that it is such.— *City of Mobile v. Craft,* 94 Ala. 156, 10 South. 534; *City of Mobile v. Richards,* 98 Ala. 594, 12 South. 793. The case of *City Council of Montgomery v. Kelly,* 142 Ala. 552, 38 South. 67, 70 L. R. A. 209, is easily distinguishable from this case. There the tax was held void, and the court expressly states in the opinion that: "It will be noticed that this license was, not for engaging in any business, but for the manner in which the party chose to conduct the business already licensed.. This is such a palpable attempt, under the guise of a license tax to fix a penalty on the merchant for conducting his business in a certain way, that, under the authorities heretofore cited, we hold it to be unconstitutional and void." Furthermore, two licenses are not required by the ordinance

[Beason, et al. v. Shaw.]

under consideration, but the ordinance provides that if a person carries on two businesses under the same roof, and in the same room two licenses need not be taken but by taking the highest license both businesses may be legitimately carried on.  It is worthy of remark too, that it is not contended by the appellant that he has paid any license as a wholesale or retail dealer in goods, wares, and merchandise, or that he was engaged in business as a wholesale or retail grocer, or wholesale or retail druggist.

We are at the conclusion that the city had the power under its charter to require the license; that it is not discriminative, and is valid.  Without entering into a discussion, or attempting to write the definition of a wholesale dealer, we think it is clear from the agreed statement of facts which, has been carefully considered, that the defendant was a wholesale dealer in oil.

We find no error in the record, and the judgment appealed from will be affirmed.

Affirmed.

WEALKLEY, C. J., and HARALSON and DOWDELL, JJ., concur.