# Alabama Consolidated Coal & Iron Co. v. Herzberg.

## *License Tax.*

(Decided June 25, 1912. 59 South. 305.)

*Licenses; Constitutionality; Discrimination.*—Section 33a, Acts 1911, p. 181,. is discriminatory and repugnant to both the state and Federal Constitution, because not imposing a license tax upon persons, firms or corporations conducting stores or commissaries, but only upon those wherein the employees trade upon checks, orders or other devices.

(McClellan and Somerville, JJ., dissent.)

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Action by the Alabama Consolidated Coal & Iron Company to recover of defendant Herzberg as judge of probate of Etowah county, a license tax for the year 1911, paid him under compulsion, etc., for the conduct of a store or commissary. The court of appeals certified to this court the following questions:

"Under the statutes in such cases made and provided, the following questions are hereby submitted to the Supreme Court for determination:

"(1) Is section 33a of the act to further provide for the revenues of the state of Alabama, approved March 31, 1911 (Acts 1911, p. 181), discriminatory and .violative of the state or federal Constitution?

"(2) Under the provisions of said section 33a can a separate tax be exacted of a person, firm, or corporation for each commissary or store conducted, when such per-

son, firm, or corporation conducts more than one such commissary or store?

"(3) In this case the appellant, a corporation, conducted separate stores or commissaries in Jefferson and Etowah counties, and paid the license tax, as provided by said section 33a, in Jefferson county. Can it be required to also pay a license tax on its stores or commissaries conducted by it in Etowah county?

"(4) If appellant is liable to the payment of a license tax in Etowah county, is it liable to the payment of but one license tax under said section 33a, when it is shown to conduct five separate stores or commissaries in said county, or is it liable to payment of a license tax on each separate store or commissary conducted by it in said county?

"The above questions are submitted as abstract propositions, as directed by the statute, reference being made to the case in which the questions arise, for the convenience of the Supreme Court.

"R. W. Walker,

"Presiding Judge.

"Edward De Graffenried,

"Jno. Pelham,

Judges.

A. G. & E. D. SMITH, and DORTCH, MARTIN & ALLEN, for appellant. Where a provision is subject to two constructions, and the intention of the Legislature is in doubt, and the matter is of a tax, the doubt must be resolved in favor of the tax payer.—*McNally v. Fields,* 119 Fed. 445. The provisions contained in section 33a, Acts 1911, p. 181, is aimed not at any person, firm, or corporation who conducts a store or commissary, but only at such wherein employees trade upon checks, orders or other devices, and is therefore repugnant to

both the State and Federal Constitutions.—*City of Montgomery v. Kelly,* 142 Ala. 552; *Mefford v. City of Sheffield,* 148 Ala. 543.

R. C. BRICKELL, Attorney General, and THOMAS H. SEAY, Assistant Attorney General, for the State. The purpose of the statute under consideration was to do away with a discrimination existing in favor of a mine operator or manufacturer against the ordinary merchant who is required to pay a license for engaging in the general mercantile business, and it is therefore not discriminatory and void.—Sec. 33a, Acts 1911, p. 181; Sec. 33f, Acts 1911.

ANDERSON, J.—Section 33a of the act of 1911, p. 181, reads as follows: "Any person, firm, or corporation who conducts a commissary or store at which their employees trade on checks, orders or other device shall pay an annual license tax as follows: When such person, firm or corporation employs less than fifty persons, thirty dollars; when more than fifty and less than one hundred are employed, fifty dollars, when more than one hundred persons are employed, one hundred dollars."

It will be observed that this section does not impose a license tax upon persons, firms, or corporations conducting stores or commissaries, but only upon those wherein the employees trade upon checks, orders, or other devices. The tax is not, therefore, imposed upon the business, or upon all engaged in a similar business, but is based solely upon the manner in which a party may conduct the business; and the foregoing section is repugnant to the state and federal Constitutions, under the authority of *City of Montgomery v. Kelly,* 142 Ala. 552, 38 South. 67, 70 L. R. A. 209, 110, Am. St. Rep.

[Johnson v. Frix.]

43. This case was approvingly cited and explained in the case of *Mefford v. City of Sheffield*, 148 Ala. 543, 41 South. 970.

Since the section in question must fall, it is needless to answer the other questions certified, as they go to the construction of same.

SIMPSON and MAYFIELD, JJ., concur in the opinion. SAYRE, J., concurs in the conclusion. MCCLELLAN and SOMERVILLE, JJ., dissent.