# Alabama Consolidated Coal & Iron Co. v. Herzberg, Judge

*Action to Recover Taxes.*

(Decided June 28, 1912.  59 South. 306.)

*Statutes; Validity; Taxation.*—The Supreme Court having, on certificate from this court, held that section 33a, Acts 1911, p. 181, is unconstitutional, the appellant was entitled to recover of the judge of probate the amount of the license fee exacted from it under the statute for conducting a commissary or store.

APPEAL from the City Court of Gadsden.

Heard before Hon. JOHN H. DISQUE.

Action by the Alabama Consolidated Coal & Iron Company against L. L. Herzberg as judge of probate of Etowah County, to recover a license tax paid said judge under protest.  Judgment for defendant and plaintiff appeals.  Reversed and rendered.

[Alabama Consolidated Coal & Iron Co. v. Herzberg, Judge.]

The question of the constitutionality of the act involved was certified to the Supreme Court, who answered that the provisions of said act as far as applicable to the license tax here imposed was unconstitutional and void.—59 South. 305.

A. G. & E. D. SMITH, and DORTCH, MARTIN & ALLEN, for appellant. Where a provision is susceptible of two constructions and the intention of the legislature is in doubt, and a tax is involved, the doubt should be resolved in favor of the tax payer.—*McNally v. Fields,* 119 Fed. 445. Laws of this character should be strictly construed against the government, and in favor of the tax payer, and when so construed, it must be held that section 33a imposes only one license, which was to be paid by the company one time for all.—*Com. Bank v. Sanford,* 103 Fed. 98; *Smith v. Ryan,* 88 Ky. 636; 11 S. W. 647; *City of Paris v. Moran,* 5 Ky. Law Rep. 333; *Combined Saw & Planer Co. v. Flournoy.* 88 Va. 1029; 14 S. E. 796; *Nat. L & I. Co. v. Bd. of Supers Sun Co.,* (Ia.) 115 N. W. 480; *City of Maysville v. Maysville St. R. R. & Trans. Co.,* 32 Ky. L. Rep. 1366; *Lynch v. Union T. Co. of San Fran.,* 164 Fed. 161; *People v. Gans,* 91 N. E. 634; 198 N. Y. 250; *People v. Williams,* 91 N. E. 638; 198 N. Y. 238; *Wilby v. State* (Miss.) 47 South. 465; *People v. Purdy,* 125 N. Y. 986; 69 Mis. Rep. 367; *Rice v. U. S.,* 53 Fed. 910; 4 C. C. A. 104; 10 U. S. App. 670; *U. S. v. Wigglesworth,* Fed. Case No. 16690 (2 Story 369); *Minturn v. Smith.* Fed Cases No. 9657 (3 Sawy. 142); *Appeal of Eastburn* (Pa.) 2 Chest. Co. Rep. 241; *Com. v. Frank,* 2 Chest. Co. Rep. (Pa.) 243; 36 Cyc. 1189. The construction contended for by the state would render the statute void.—*City of Montgomery v. Kelly,* 142 Ala.

[Alabama Consolidated Coal & Iron Co. v. Herzberg, Judge.]

R. C. BRICKELL, Attorney General, and T. H. SEAY. Assistant Attorney General, for the State. Counsel discuss the acts referred to, and insist that it requires the payment of a license tax for each county in which a commissary is operated dependent in amount upon the number of people employed, and that when so construed, the act offends no provision of the state or federal constitution. They cite no authority in support of their contention.

PELHAM, J.—Under the provisions of the statute in such cases made and provided, the question of the constitutionality of section 33a of the act to further provide for the revenues of the state of Alabama, approved March 31, 1911 (Acts 1911, p. 181), was certified by the Judges of this court to the Supreme Court, and was held by that court to be unconstitutional and void.—*Ala. Con. C. & I. Co. v. Herzberg*, 59 South. 305.

The section of the statute under which the tax was exacted having been held to be violative of the Constitution and void, the appellant was entitled to a judgment against the appellee for the amount paid by it under protest, and for the recovery of which this suit was instituted. Let the judgment of the court below be reversed, and a judgment here entered in favor of the appellant for the amount sued for, being the amount of license tax illegally collected, together with all costs.

Reversed and rendered.