149 So. 714

### STATE v. LEVY LOAN CO. et al.

6 Div. 417.

Court of Appeals of Alabama.
Sept. 12, 1933.

Thos. E. Knight, Jr., Atty. Gen., Matt H. Murphy, Sp. Asst. Atty. Gen., and John T. Batten, of Birmingham, for the State.

Mullins, Pointer & Deramus, of Birmingham, for appellees.

BRICKEN, Presiding Judge.

The state of Alabama by its accredited representatives brought suit against appellee to recover $260.75, claimed to be due for state and county license, penalties, commissioner's fees, citation fees, etc., for 1932 license as dealers in pistols.

The case was tried by the court without a jury upon the following agreed statement of facts:

"It is agreed by and between the Plaintiff and the Defendants in the above styled cause that this cause may be submitted for final determination upon the following agreed statement of facts:

"That the Defendant, Levy Loan Company, a partnership composed of Mrs. Esther Levy and Joe Denaburg, was engaged in the business of a pawnbroker during the year 1932, said business being conducted at 2116 Second Avenue, North, in the City of Birmingham, Jefferson County, Alabama. That said Levy Loan Company, a partnership, paid its State, County, and City licenses to do business as a pawnbroker for said year 1932. That said Defendants, nor either of them, were engaged in the business of dealing in pistols during the year 1932 except that during said year 1932 and from time to time the Defendant, Levy Loan Company, did receive in pledge as a pawnbroker pistols. That some of said pistols so received in pledge by it as a pawnbroker were sold from time to time by the said Levy Loan Company as a pawnbroker, the sale of each of said pistols being made in strict accordance with Section 9411 of the Code of Alabama of 1923 and all other statutes of the State of Alabama dealing with the sale of pledged property by pawnbrokers; that when said pistols were sold under section 9411 of the Code of Alabama of 1923, and when there were no outside purchasers, then the defendant partnership purchased the pistols for the purpose of protecting the loan made thereon and then subsequently sold the pistols at private sale."

Upon the above agreed statement of facts, judgment was rendered for defendant, and the state appealed.

It is insisted by the state that the acts of the appellee as shown by the foregoing agreed statement of facts constituted the appellee dealers in pistols within the meaning of Schedule 84 of the License Code of 1919; General Acts 1919, pp. 395, 426, § 361, which reads as follows: "Schedule 84. For each person, firm or corporation, dealing in pistols, pistol cartridges, rifles, or maxim silencers, bowie knives, dirk knives, brass knucks, or knucks of like kind, whether principal stock in trade or not; in cities and towns of thirty-five thousand inhabitants or over, one hundred and fifty dollars; in all other places, one hundred dollars, except 22 caliber rifle cartridges." Appellee takes issue upon this insistence and contends that appellee was not a dealer in pistols within the meaning and contemplation of said Schedule of the State License Code for the year 1919. This is the controlling question and a decision thereof will be conclusive of this appeal.

It is agreed by the facts hereinabove set out that the appellee did not sell or offer for sale any pistols except such as had been taken in pawn by them as pawnbrokers; that they dealt in no other kind; that they did not buy said pistols to sell, nor order any from elsewhere for sale, and kept only such as came to them in pawn. In other words, the defense relied upon by appellee was that they were pawnbrokers, and as such had taken out a license and paid the state and county for the same for the year 1932.

The case of Morningstar v. State, 135 Ala. 66, 33 So. 485, is directly in point on the sole question involved; and in construing a similar schedule (Schedule 63, Acts of Alabama, 1900-01, p. 2630) the Supreme Court said: "Under this undisputed evidence, the act of selling the pistol with which he is charged, and any others he may have sold, was incident to defendant's business as pawn-

broker for which he was licensed. Under that license, he was authorized to sell any articles which might be lawfully pawned, even if in dealing in them without such a license, he would be required to take out and pay for a business license to sell them. A dealer in shoes, clothing, jewelry, or pistols, must, to carry on his business, procure a license; but a regularly licensed pawnbroker, may take in pledge such things and sell them, and such sales would be covered by his pawnbroker's license."

The foregoing appears to be conclusive of the point of decision upon which this case rests, and sustains fully the ruling of the trial court in the instant case.

In addition, the case of City of Tuscaloosa v. Holczstein, 134 Ala. 636, 32 So. 1007, is strongly analogous to the principle involved. See, also, Mefford v. City of Sheffield, 148 Ala. 539, 41 So. 970; City Council of Montgomery v. Kelly, 142 Ala. 552, 38 So. 67, 70 L. R. A. 209, 110 Am. St. Rep. 43.

Our attention is directed by appellee to the case of Shelton v. Silverfield, by the Supreme Court of Tennessee, 104 Tenn. 67, 56 S. W. 1023, 1024, which case is in line with the Morningstar Case, supra. In said case the Supreme Court of Tennessee had this to say: "It is insisted by the plaintiff in error the clerk of the county court that under the act of 1899, above cited, the defendant in error is not only a merchant and pawnbroker, but is also a dealer in secondhand clothing. It is evident that this contention is erroneous. The very nature of the pawnbroker's business carries with it the necessity for a sale of unredeemed pledges, and it could not be expected that the pawnbroker would sacrifice his security by permitting the same to be sold for a song. The law would warrant him in buying in the security, and, in order to save himself from loss, sell it again. In fact, this procedure is an essential part or feature of the business. To say that a pawnbroker shall pay a very large amount (perhaps $250 to $300 per annum) to state and county as a privilege tax, to carry on his business, and that he cannot protect himself in the sale of unredeemed articles, would be absolutely ruinous to the business he had been licensed to do, and a denial to him of property protection. I think the defendant in error is strictly a pawnbroker, and amenable to the law only for the privilege tax as set out in section 4, as a pawnbroker. As to this defendant in error the judgment of the lower court is affirmed."

We deem further discussion unnecessary. The court below rendered a correct judgment upon the agreed statement of facts therein submitted. Said judgment is in all things affirmed.

Affirmed.