188 So. 247
**ROCHELL v. CITY OF FLORENCE.**
**8 Div. 955.**

Supreme Court of Alabama.
March 30, 1939.

Rehearing Denied May 4, 1939.

Horace C. Wilkinson, of Birmingham, for appellant.

636

THOMAS, Justice.

The appeal challenges the decree denying permanent injunction, and in dismissing appellant's bill.

The ordinance of the City of Florence taxing a firm or corporation engaging in the business of distributing manufactured soft drinks in the City of Florence exclusively from a warehouse located anywhere else is unreasonable and unconstitutional, and of no effect.

The pertinent part of the city ordinance in question is Section 23, which reads as follows:

"Section 23. Bottling Works—Manufacturers or bottlers of soft drinks, extracts, or beverages .......... $200.00

"Any person, firm, or corporation distributing or causing to be distributed in the city soft drinks or similar extracts or beverages exclusively from a warehouse located anywhere ............ $500.00."

The bill sets out the ordinance, charges that it seriously hinders, embarrasses, and practically destroys complainant's business in the City of Florence; grossly excessive or prohibitive in character and amount, it prevents the complainant from engaging in the business of distributing soft drinks in the City of Florence at a profit; and prevents all other distributors of soft drinks exclusively from a warehouse from engaging in said business in the City of Florence, Alabama, at a profit.

The bill avers that the license is imposed solely upon the manner in which a party may conduct its business, and that said ordinance is repugnant to the Constitution of the State of Alabama and the Constitution of the United States, and is discriminatory, in that it permits the manufacturer or bottler of soft drinks in the City of Florence to manufacture and distribute soft drinks in the City of Florence, Alabama, for $200 a year, while a distributor of soft drinks in the same city from a

W. H. Mitchell, of Florence, for appellee.

warehouse located anywhere is required to pay a license of $500 a year for engaging in the like business that a manufacturer or bottler is allowed to engage in for a license of $200.

The bill further avers that the City of Florence, through its duly constituted officers, agents, and employees, discriminates against the complainant in favor of others engaged in a like business in the enforcement of the ordinance, in that manufacturers of soft drinks who maintain a warehouse in Florence are allowed to distribute drinks in Florence for a license of $200; and in that bottlers in Florence are allowed to purchase soft drinks elsewhere and store or warehouse them in their bottling plants in Florence and distribute them in Florence on payment of a license of $200.

Otherwise stated, the bill charges that the duly constituted officers, agents, and employees of the City of Florence allow bottlers in Tuscumbia and Sheffield to distribute soft drinks manufactured in those towns in the City of Florence on payment of a license of $200; while complainant is required to pay a license of $500 for distributing in Florence soft drinks manufactured in Birmingham.

The bill avers that the City of Florence is threatening and will, unless restrained, arrest complainant, his servants, agents, and employees, and will interfere with and break up the business of complainant, all of which will result in irreparable injury and damage to complainant.

The prayer of the bill was for a temporary and permanent injunction.

The evidence is without dispute, no testimony having been taken by respondent appellee.

The complainant (appellant) introduced Joe Foster as a witness, who is the operator of a bottling business in Huntsville. Witness testified that he distributes Double Cola which is bottled in his plant at Huntsville to the retail trade in Florence by truck. He does not maintain a warehouse in Florence. Sometimes the truck stays overnight in Florence in a garage back of a filling station about two blocks from the courthouse. His recollection is that he paid $200 license to the City of Florence.

The witness Snyder testified that he was the manager of the Coca-Cola business in Florence, which operates a bottling plant in Florence, and handles New Grape and Buffalo Rock. Witness testified that the Buffalo Rock people in Birmingham deliver Buffalo Rock to him in Florence, where it is stored in his bottling plant and distributed to the retail trade along with Coca-Cola and Soda Water. He pays the City of Florence a license of $200.

A. S. Johnson testified that he operates a bottling plant in Moulton, bottling Pepsi-Cola and general Soda Water flavors, serves the retail trade in Florence by truck and has no warehouse in Florence, but his truck occasionally stays there overnight. His license in Florence is $200.

Mr. Beard, the bottler of NeHi in Sheffield, Alabama, testified that he operates a NeHi Bottling Plant in that place, where NeHi, Play Park and Royal Crown Cola are bottled. He distributes his products in Florence by truck from the plant in Sheffield and pays the City of Florence $200 license.

Mr. C. W. Rochell testified that R. R. Rochell operates the Orange Crush 7-Up Bottling Company in Birmingham, where they have a bottling plant. That concern has warehouses at various points, including Sheffield, Decatur and Tuscumbia, and other places, some twenty-one in all. The bottled drinks are shipped to these warehouses by the Birmingham plant by truck, and in turn distributed in territory adjacent to the warehouses by truck. The trade in Florence is served from the warehouse in Sheffield three times a week; that the schedule of licenses charged by the various towns (set out in Exhibit "A" to the bill) represents the licenses charged by various towns for the privilege that Florence is seeking to collect a license of $500. A number of licenses issued by various Alabama towns were introduced in evidence. The witness testified that no city or town in the State of Alabama other than Florence had demanded as much as $500 as a license for the privilege of delivering soft drinks to retail trade.

A letter from S. B. Howard, City Clerk of Florence, offered in evidence, made demand for the license, and notified complainant that unless it was paid by the first of March, it was up to the City to start proceedings by criminal prosecution to collect.

Mr. J. B. Foster, the Auditor for R. R. Rochell, testified that it cost .44312 cents to produce a case of soft drinks at the plant in Birmingham. That cost of producing a case of soft drinks was broken

down into its constituent elements in Exhibit "A" to Foster's testimony.

That witness testified that it cost .32734 cents to deliver a case of soft drinks in Florence, in addition to the plant production cost, making a total cost of .77046 cents per case to deliver a case of soft drinks in Florence. The product was sold at .80 a case. The complainant sold and delivered .531 cases in Florence from January 1, 1938 to September 30, 1938, and 680 cases in the same territory from June 15, 1937, to December 31, 1937. The distribution cost did not include any license paid in Florence, Alabama, because the license had not been paid; that the profit on the business done in Florence from January 1, 1938, to September 30, 1938, was $15.68, not counting any license for said city. If a $200 license for Florence was figured, Mr. Rochell would have lost about $184. The profit on the 680 cases sold in Florence from June 15, 1937, to December 31, 1937, was approximately $20, not counting any license paid the City of Florence.

The license schedule of the City of Florence for 1938 was introduced in evidence.

■ Several principles have been recognized and established under well considered authorities in this and other jurisdictions; (1) a tax on the method of conduct of business is discriminatory and void. Constitution of United States, Amend. art. 14, § 1, U.S.C.A.; Constitution of Alabama, 1901, Article 1, § 1; In re Matter of Dorsey, 7 Port. 293; City of Cullman v. Arndt, 125 Ala. 581, 28 So. 70; City Council of Montgomery v. Kelly, 142 Ala. 552, 38 So. 67, 70 L.R.A. 209, 110 Am.St.Rep. 43; Alabama Consolidated Coal & Iron Co. v. Herzberg, 177 Ala. 248, 59 So. 305; Mefford v. City of Sheffield, 148 Ala. 539, 41 So. 970.

Pertinent to a decision of the question now presented for decision is the discussion in Bellingrath et al. v. Town of Georgiana, 23 Ala.App. 111, 121 So. 458, where the court, speaking through Mr. Justice Samford, said: "The ordinance undertakes to levy a license upon the business of persons making wholesale deliveries by truck for soft drink manufacturers, bottlers, etc. Construing the ordinance strictly against the town, as we must do, if the deliveries are made by train, wagon, buggy, touring car, or otherwise, or if the deliveries are being made for and on behalf of a wholesale dealer, jobber, or other person, not a manufacturer or bottler, the ordinance does not apply, and no license is required. License taxes must bear equally and uniformly upon all persons engaged in the same class of business or occupation or exercising the same privileges. The class here sought to be taxed is soft drink manufacturers, bottlers, etc., and those who act for them, and the license is required for making wholesale deliveries of any commodity. This is an unwarranted discrimination, and for that reason the ordinance is void. 37 Corpus Juris, 200 (53); * * *."

To like result is the case of Mr. Justice Bouldin, Williams v. City of Albany, 216 Ala. 408, 113 So. 257, wherein the court held to the effect that a city is unauthorized to impose a city license tax on motor vehicles used in carriage of passengers for hire by nonresidents passing through the city, bringing them to and discharging them in a city, or taking them on for passage from the city, in view of the Constitution of 1901, § 221, and Gen.Acts 1923, pp. 286, 291, §§ 13, 22 and 23, since the city streets are included in the state highway system, under section 11 (page 285); Const.1901, § 220 being inapplicable.

In 99 A.L.R. page 700, there is an extended discussion of the case of City of Douglas v. South Georgia Grocery Company, 180 Ga. 519, 179 S.E. 768, as involving stores conducting business under the "cash and carry system" and the leading case in the annotations under "Mode of delivery" is Bellingrath v. Georgiana, 23 Ala.App. 111, 121 So. 458. The Bellingrath v. Georgiana case is followed in St. Helena v. Butterworth, 198 Cal. 230, 244 P. 357, in which the holding is that a city ordinance which imposes a license tax of $15 quarterly upon nonresident wholesale merchants who make personal delivery of their goods to the merchants in the city, but which exempts the nonresident wholesale merchants who make their deliveries by some other method, is in violation of the Constitution.

We may further advert to Alabama Consolidated Coal & Iron Company v. Herzberg, supra, wherein Mr. Justice Anderson made the observation that the license tax was not imposed upon persons, firms, or corporations conducting stores or commissaries, but only upon those wherein the employees trade upon checks, orders, or other devices; that the tax is not, therefore, "imposed upon the business, or upon all engaged in a similar business, but is based solely upon the manner in which a

party may conduct the business; and the foregoing section is repugnant to the state and federal Constitutions, * * *." [177 Ala. 248, 59 So. 306.] See also Exchange Drug Company v. State Tax Commission, 218 Ala. 115, 117 So. 673; Warrior Water Co. v. Long, 218 Ala. 125, 117 So. 656; State v. Kartus, 230 Ala. 352, 162 So. 533, 101 A.L.R. 1336.

■ We are of the opinion and hold that the tax in question is laid upon the manner of conduct of business and contrary to the organic law.

The question then recurs had complainant the right of injunction to restrain enforcement?

In Evansville Brewing Ass'n v. Excise Commission of Jefferson County, Alabama, et al., D.C., 225 F. 204, 206, it is aptly observed that:

"There is an equally well settled exception to the general rule, viz., when the injunction is sought to restrain criminal prosecutions, which would result in the invasion of rights of property through the enforcement of an unconstitutional law, to the irreparable injury of the plaintiff. In the case of Brown v. Mayor and Aldermen of Birmingham, 140 Ala. 590–595, 37 So. 173, the Alabama Supreme Court said:

" 'It has been expressly decided that "the mere fact that an act is criminal does not divest the jurisdiction of equity to prevent it by injunction, if it be also a violation of the property rights, and the party aggrieved has no other adequate remedy for the prevention of irreparable injury which will result from the failure or inability of a court of law to redress such rights." '

"In the case of Dobbins v. Los Angeles, 195 U.S. 223, 25 S.Ct. 18, 49 L.Ed. 169, it was held that:

" 'Where property rights will be destroyed, unlawful interference by criminal proceedings under a void law * * * may be reached and controlled by a court of equity.' "

To like effect is Board of Commissioners City of Mobile, et al. v. Orr, 181 Ala. 308, 318, 61 So. 920, 923, 45 L.R.A.,N.S., 575, where it is declared:

"It is a plain proposition of law that equity will not exert its powers merely to enjoin criminal or quasi criminal prosecutions, 'though the consequences to the complainant of allowing the prosecutions to proceed may be ever so grievous and irreparable.' Brown v. Birmingham, 140 Ala. [590] 600, 37 So. [173] 174. •

*　*　*　*　*　*

"But this court has with equal clearness recognized the power and duty of the equity courts to interfere by injunction where quasi criminal prosecutions under municipal ordinances will destroy or impair property rights. * * *"

To the same effect is Farrell v. City of Mobile, 229 Ala. 294, 156 So. 635; Davidson v. Phelps, 214 Ala. 236, 107 So. 86; Giglio v. Barrett, 207 Ala. 278, 92 So. 668; Walker v. Birmingham, 216 Ala. 206, 112 So. 823; Hardie-Tynes Mfg. Co. v. Cruise, 189 Ala. 66, 66 So. 657.

■ Under our system of jurisprudence, a person's constitutional rights stand above any and all rules and laws that may be adopted.

The two American Bakery Company Cases, American Bakeries Co. v. City of Opelika, 229 Ala. 388, 157 So. 206, and 232 Ala. 612, 168 So. 880, cited by appellee as authority for upholding the ordinance of the City of Florence, are in no way in conflict with the authorities and principles laid down in our present holding. The license attacked in both the above cited cases was upon itinerant dealers, and the classification was not discriminatory, but was made for the purpose "to insure proper contributions from such merchants for police protection and to protect local dealers against unfair competition by transient dealers who come and go so quickly as to escape their share of general taxation in the community." American Bakeries Co. v. City of Opelika, 229 Ala. 388, 157 So. 206, 208. No such facts or conditions exist in this case; moreover, the itinerant dealer's license is imposed upon all alike, in the same class, that is, itinerant dealers, and it does not attempt, as does the license now in question, to single out one particular class (that is, one who might distribute from a warehouse) and place a heavier burden upon them.

■ We are of the opinion, and hold, that the ordinance in question is unconstitutional and void for the reasons stated above, and that the facts averred make a case within the rule for injunctive relief, and such is the judgment here.

The judgment of the circuit court is reversed, and a decree is here entered, granting the relief as prayed for in the bill.

Reversed and rendered.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.