231 So.2d 885

**S. A. PRUETT, Jr. and Sammy G. Moore, as Partners d/b/a Middle Gate Beverage Store**

v.

**G. C. BRITTAIN, as Judge of Probate of Calhoun County.**

**7 Div. 824.**

Supreme Court of Alabama.

Feb. 19, 1970.

H. R. Burnham, Hugh D. Merrill, Walter J. Merrill, Anniston, for appellee.

Wilson, Propst & Stewart, Anniston, for appellants.

HARWOOD, Justice.

The appellants filed a petition for a writ of mandamus seeking to compel the Probate Judge of Calhoun County to issue to them a permit to sell malt beverages, and to sell to them "tax stamps" to be placed on the containers of malt or brewed beverages sold by them. The appellants are duly licensed and authorized by the State of Alabama, the City of Anniston, and all other

interested governmental agencies to sell at retail malt and brewed beverages.

The court below sustained the demurrers to the petition and dismissed the same.

The appellants base their claim to have a permit issued to them, and tax stamps sold to them upon the provisions of two Acts. These Acts are Act No. 833, passed by the 1961 Regular Session of the Alabama Legislature and approved 8 September 1961 (See 1961 Acts of Alabama, p. 1229), and Act No. 43, passed at the 1962 Special Session of the Legislature and approved 29 June 1962. (See Acts of Alabama, Special Session, 1962, p. 55.)

Act No. 833, passed in 1961, levied an additional license tax on malt beverages of one fourth of one cent on each fluid ounce of malt or brewed beverages sold, distributed, delivered, stored, etc., in counties having a population of not less than 80,000 and not more than 96,000 population according to the last or any subsequent federal census, such license tax was to be paid on or before the 15th day of each month, based upon the sales of the preceding month Certain sworn reports containing varied information as to the preceding months' sales had also to be filed with the Probate Judge of the county and with the license inspector.

Act No. 43, above referred to, amending Act No. 833, among other things, provided for the use of stamps in the collection of tax imposed by Act No. 833.

Act No. 43, sets forth that the tax "shall be paid through the use of stamps in appropriate denominations," which are to be procured and sold by the Probate Judge. Section 3(b) of Act No. 43, among other things, provides:

"* * * All malt or brewed beverages as herein enumerated when offered for sale, either at wholesale or retail, in any county to which this Act applies, without having stamps affixed as hereinabove set out and cancelled as hereinafter prescribed shall be subject to confiscation in the manner prescribed in Section 4 of this Act. Every distributor or seller of malt or brewed beverages in a county in which this Act applies shall immediately after receipt of any malt or brewed beverages not bearing the county malt or brewed beverage tax stamps as hereinafter required, unless sooner offered for sale, cause the same to have the requisite denomination and amount of stamp or stamps to represent this tax affixed and cancelled by writing or stamping across the face of each stamp the number of the permit issued by the probate judge to such distributor or seller."

■ As we understand the argument of counsel for appellants, it is that appellants are entitled to have a permit issued to them, and stamps sold to them because of the provision in the excerpt above quoted that, "All malt or brewed beverages as herein enumerated when offered for sale, either at wholesale or retail, * * * without having stamps affixed * * * shall be subject to confiscation * * *"

It is to be noted that Section 4 of Act No. 833 provides that it shall be unlawful for any distributor or seller to sell malt or brewed beverages without first having obtained a permit from the Probate Judge to do so.

The provisions covering the issuance of permits are to be found in Section 8(e) of Act No. 833. It is clear that Section 8(e) of Act No. 833 provides for the issuance of permits only to wholesalers of malt or brewed beverages. Such wholesaler to obtain a permit must file a bond with the Probate Judge conditioned upon the payment of the license tax. It is made unlawful for a person to engage in the business of a wholesale distributor of malt or brewed beverages without first securing the required permit from the Probate Judge.

Nowhere in either Act No. 833 or Act No. 43 are any provisions for issuing permits to retail malt or brewed beverage sellers.

Section 3(b) of Act No. 43 provides that the malt and brewed beverage tax "shall be paid through the use of stamps." These stamps after being affixed to the beverage container are to be "cancelled by writing or stamping across the face of each stamp *the number of the permit* issued by the Probate Judge to such distributor or seller." (Emphasis ours.)

The license stamps are therefore to be cancelled by the holder of the permit, i. e., the wholesaler.

It is apparent that Act No. 43, amending Act No. 833 was designed to make more sure the collection of the tax on malt or brewed beverages sold in counties within the population range of the two Acts. This result could best be accomplished by providing for the beer tax stamps. For many reasons not here necessary to state, it would have been impractical to have retailers of malt beverages purchase the stamps and keep the records of sales required to be kept by the wholesalers under the two Acts.

It is an elemental rule of statutory construction that the intent of the Legislature as expressed in a statute is to be ascertained and given effect.

■ Further, as stated in Rinehart v. Reliance Ins. Co., 273 Ala. 535, 142 So.2d 254:

> "The primary purpose of statutory construction is to ascertain not only from the language which the legislature has used, but also from the reason and necessity for the act, the evil sought to be remedied, and the object and purpose sought to be obtained."

Since the tax imposed by the Acts here in question is not discriminatory in operation, and does not affect the manner of the operation of a business as distinguished from a tax on the business itself, and does not involve exemptions to a taxing statute, we do not consider the doctrines enunciated in the cases of Woco Pep Co. v. City of Montgomery, 213 Ala. 452, 105 So. 214; Rochell

v. City of Florence, 237 Ala. 635, 188 So. 247, and State v. Dawson, 264 Ala. 647, 89 So.2d 103, relied on by appellants, to be controlling of the question now being considered.

Affirmed.

LAWSON, SIMPSON, MERRILL and MADDOX, JJ., concur.